FOURTH DEPARTMENT, NOVEMBER, 1962

(November 29, 1962)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PATSY PUPERA, Also Known as PEPI PUPERA, Appellant.— Judgment of conviction as to the fourth count of the indictment unanimously reversed on the law and facts and new trial granted as to that count and otherwise judgment of conviction affirmed. Memorandum: The indictment as returned contained four counts. The third count was dismissed by the court at the close of the evidence. The jury disagreed as to the first count but found defendant guilty of counts two and four. The latter two counts charged violations of subdivision 8 of section 2460 of the Penal Law in that defendant received moneys from the earnings of a prostitute named in each count. We find sufficient corroboration to sustain the conviction under the second count of the indictment. (Cf. *People* v. *Jelke,* 1 N Y 2d 321.) We view as insufficient, however, the corroboration of the testimony of the prostitute named in the fourth count when evaluated in the light of subdivision 9 of section 2460 of the Penal Law and the principles enunciated in *People* v. *Jelke* (*supra*). (Appeal from judgment of Erie County Court convicting defendant on two counts of accepting money from the proceeds of prostitution under subdivision 8 of section 2460 of the Penal Law.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ In the Matter of BENJAMIN FRANKLIN, Respondent, v. STATE LIQUOR AUTHORITY, Appellant.— Order unanimously reversed and proceeding dismissed, without costs of this appeal to either party. Memorandum: The petitioner brought this proceeding under article 78 of the Civil Practice Act to review so much of the order of the State Liquor Authority as imposed a ban upon licensing of the petitioner's premises for a period of two years. We agree with the State Liquor Authority that the petitioner, as the landlord of the premises, was not entitled to be made a party to the proceeding to revoke the tenant's license and that he was not entitled to review the order of revocation. The Authority had the right, in its discretion, to impose the ban upon the premises upon the revocation of the tenant's license, under section 113 of the Alcoholic Beverage Control Law. (*Matter of Colucci* v. *O'Connell,* 281 App. Div. 907, motion for leave to appeal denied 305 N. Y. 929; *Matter of Colucci,* 283 App. Div. 964, appeal dismissed 307 N. Y. 845.) The Authority gave the petitioner a full opportunity to bring to its attention any facts bearing upon the exercise of its discretion with respect to the proposed ban upon the premises, and the petitioner has no ground for complaint in that regard. The petitioner had the right to review the order imposing the ban upon his premises in this article 78 proceeding, in the nature of mandamus, and to challenge the order as arbitrary or capricious or as an abuse of discretion (cf. Civ. Prac. Act, § 1296, subd. 5-a; *Matter of Mitthauer* v. *Patterson,* 8 N Y 2d 37). But the burden was on the petitioner to establish that the order was arbitrary or capricious or that a triable issue of fact existed in that regard (*Matter of O'Brien* v. *Commissioner of Educ.,* 3 A D 2d 321, appeal dismissed 4 N Y 2d 140; *Matter of Gambino* v. *State Liq. Auth.,* 4 A D 2d 37, affd. 4 N Y 2d 997). He failed to sustain that burden, and therefore the petition must be dismissed. (Appeal from order of Erie Special Term denying application to dismiss the petition and granting petitioner's application to review determination revoking restaurant liquor license with no new license for said premises for 24 months and reversing the determination insofar as it affected petitioner's premises.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.