John H. Farnham, J.
This is a proceeding under article 78 of the Civil Practice Act to review the determination of the respondent, State Bingo Control Commission, in suspending the petitioner’s bingo license for a period of four months and ordering the forfeiture license fees.
The grounds for the suspension are that the petitioner falsified and made false entries in various books and records relating to transactions connected with the conduct of bingo, more specifically the falsification of receipts reported in the financial statements of bingo operations for the days of July 30, August 20, 1962, and January 7, 14 and 21, 1963.
The proceeding was commenced by the service of an order to show cause. After a lengthy hearing and after much testimony was taken before the Control Commission, the petitioner’s license to conduct bingo games was suspended for four months, effective May 7, 1963.
A review of the pertinent legislation on the subject reveals a declared purpose by the State Legislature that bingo operations should be closely controlled and the games strictly constrained and rigidly enforced. (See General Municipal Law, § 475 et seq.)
The very purpose of allowing bingo to be played in the State is that the net proceeds of the games shall be used exclusively for worthy causes enumerated in the statutes. The New York State Constitution states in subdivision 2 of section 9 of article I: “ [T]he entire net proceeds of any game shall be exclusively devoted to the lawful purposes of such organizations * * * and no person shall receive any remuneration for participating in the management or operation of any such game.”
In the considered opinion of this court, those holding a license to conduct bingo games are cast in the role of trustees and must be held to strict accountability for all funds taken in as a result of bingo operations.
In reviewing the determination of an administrative body, the court is concerned only with whether the action taken by that body is arbitrary or capricious or unreasonable. The basic *208 facts seem to be that on-the-spot investigations by agents of the Bingo Control Commission reveal that petitioner was not reporting, on the occasions above mentioned, the number of cards actually being sold or at least played.
It is apparent that petitioner’s agents who were conducting the games were warned that they must tighten their control of the sale in return of bingo cards. Counts made by the investigators revealed that the petitioner in the financial reports, which it is required to file, failed to account for all moneys taken in on the specified occasions. This is not a criminal proceeding and the court agrees with the respondent that petitioner is not charged with fraud. Subdivision (3) of section 495 of the General Municipal Law does not require any intent to commit fraud but does empower the commission to suspend a license if the books and records kept by the organization do not fully and truly record all transactions connected with the bingo operations.
The court is aware that the members of the petitioner’s organization who were involved in the bingo operation are not professional ticket takers. However, in its opinion, this fact does not absolve them from strict compliance with the law. A review of the testimony reveals that some of petitioner’s witnesses maintain that certain bingo players were playing bingo cards which they had not purchased on the particular evening in question. It was the thought of these witnesses that certain players were taking cards home with them and bringing them in on subsequent nights, thus giving rise to a difference between the counts of cards being played on the part of the Commissioners’ investigators and the financial reports. A further review of the testimony also indicates that the petitioner’s members in charge of the games were not properly reporting shortages or overages of cash to the commission in their required reports. Petitioner’s attorney even conceded at the end of the hearing that the commission may “have findings of negligence or poor operation of this chapter and that I may go along with ”.
The court feels from the testimony heard by the commission that it could reasonably infer from the evidence that the petitioner was not properly and accurately accounting for its cash intake and was not properly concerned with the control of cards sold in return and was not properly concerned with necessary and required filing of its proper financial reports. The court believes that this was a result of negligence and not intended to circumvent the obvious intent of the law. However, the court does feel that the commission reasonably could draw the inferences which it did from the testimony and records and, therefore, its action in suspending petitioner’s bingo license *209 was not arbitrary, capricious, unreasonable or malicious as long as there was adequate evidence before the board upon which it could exercise its judgment and, therefore, even if this evidence possibly was conflicting, its decision should not lightly be set aside. (See People ex rel. Hudson-Harlem Co. v. Walker, 282 N. Y. 400; also, Matter of Kilgus v. Board of Estimate City of N. Y., 308 N. Y. 620.)
Petitioner’s request for relief is denied, without costs.