M. Henry Martuscello, J.
This is an article 78 proceeding to review respondent’s determination revoking petitioner’s license to conduct bingo games upon its plea of “no contest ” to a charge that it had submitted false statements of its receipts in violation of subdivision (4) of section 495 of the General Municipal Law.
Plaintiff, a membership corporation, was licensed in 1959 to conduct weekly bingo games. Section 491 of the General Municipal Law requires a licensed operator of bingo games to submit a duly verified statement showing, among other things, proceeds derived from the operation of such games. On occasions, inspectors of respondent commission make an on-the-spot check of receipts and attendance at authorized bingo games. An examination by respondent of statements submitted by petitioner for games operated between September 3 and December 3, 1963, during which period on-the-spot checks, as indicated above, were made on four consecutive occasions, revealed that the average per player expenditures were considerably higher for the inspected games than for the uninspected games operated during said period. Utilizing its statistical data showing that the average per player expenditures ordinarily remain constant at a given location, respondent calculated that petitioner had understated its receipts for the uninspected occasions to the extent of $1,638.25. Falsification of receipts constitutes a ground for- forfeiture of a bingo license. (General Municipal Law, § 495, subd. [4].) Accordingly, respondent charged petitioner with falsification of receipts reported in connection with the above-mentioned uninspected games.
The notice of hearing on said charge advised petitioner of its “ right to plead either ‘ not guilty ’ * * * or ‘ no contest ’ to the above charge, said plea to be submitted in writing and received by the Commission * * *. If a plea of ‘ not guilty ’ is entered a hearing will be held on May 26, 1964. * * * If a plea of1 no contest ’ is entered, a determination will be made by the Commission in due course.” The officers of petitioner, after *1056 consulting with its attorney with respect to such charge, authorized the latter to enter a plea of “no contest ” which he did in a letter dated June 4, 1964. Respondent’s attorney, by letter addressed to petitioner’s attorney, acknowledged receipt of such plea and advised that the plea thus entered was “final and irrevocable ” and that petitioner “ on or before June 18, 1964 * * * may submit for consideration by the Commission any matter in mitigation or extenuating respecting the pending charges.” Petitioner did not avail itself of the opportunity afforded to it to show any extenunating or mitigating circumstances and on June 25, 1964 respondent revoked its bingo license.
On this application petitioner ‘ ‘ categorically denies any wilful falsification of its reports, either on the occasions and dates charged in respondent’s notice of hearing or on any other occasion or date ” and contends that the revocation of its license was “ arbitrary ” and “ unwarranted by the facts.” Moreover, it argues that the penalty imposed is too severe, in that it received the same punishment as has been imposed upon other licensees found guilty of the same offense after a hearing. Otherwise stated, it contends that it should have been given consideration for not having contested the charges.
A plea of “no contest” can be equated to the common-law plea of “non vult” or “nolo contendere.” Speaking of the latter type of plea, the court in People v. Daiboch (265 N. Y. 125, 128-129) said: “ The plea of non vult or nolo contendere is an ancient plea in criminal cases still in use in some states but abolished here. It simply means that the defendant will not contend against the charge but will submit to such punishment as the court inflicts, usually less than would have been imposed after a plea of guilty. The court, however, on such a plea may sentence the prisoner to the same punishment as if convicted after trial or on a plea of guilty. Aside from the ameliorating effect the plea of non vult has the same consequences in a criminal court as a plea of guilty; at least it is a conviction of the crime to which the plea is taken. ’ ’
It was stated in United States v. Cosentino (191 F. 2d 574) that the facts alleged in the indictment stand admitted on the plea of nolo contendere and that the judgment entered upon such a plea leaves open for review only the sufficiency of the indictment and has all the effect of a plea of guilty for the purpose of the case, since upon the face of the record no issue of fact appears, and that by entering such a plea a defendant precludes himself from a trial.
*1057 It appearing that the plea of “ no contest ” was entered after consultation with its attorney, petitioner waived its right to review the facts upon which the revocation is based, (See Tseung Chu v. Cornell, 247 F. 2d 929, cert. den. 355 U. S. 892; Matter of 17 Club, 26 N. J. Super. 43; Butler Oak Tavern v. Division of Alcoholic Beverage Control, 36 N. J. Super. 512.)
Apart from the technical reasons barring review of the facts, the record is sufficient to show that petitioner had falsified its receipts as charged by respondent. The statistical method of showing falsification of the reports was upheld, on parallel facts, in Matter of Inwood Post v. State Bingo Control Comm. (22 A D 2d 884). As the court there noted (p. 885): “ It was fully within the power of petitioner to present evidence refuting the inferences arising from commission’s sampling” but it “ offered no satisfactory explanation.” Likewise, petitioner has at no time, either prior to the revocation of its license or upon this application, offered any explanation for the discrepancies found by respondent. Falsification of receipts being established, it may reasonably be inferred that petitioner diverted its unreported receipts to purposes other than those specified in section 475 of the General Municipal Law, and which justify the Legislature’s exemption of bingo from the prohibitions which otherwise would exist against it. That section mandates that the laws regulating the conduct of bingo are to be “ strictly construed and rigidly enforced ” so as to “ ensure a maximum availability of the net proceeds of bingo exclusively for application to worthy causes and undertakings specified herein * * * and prevent the diversion of funds from the purposes herein authorized.”
The entry of a “ no contest ” plea does not entitle petitioner to the lenient treatment it seeks. (See Matter of 17 Club, supra.) Matter of Disabled Amer. Veterans v. State Bingo Control Comm. (41 Misc 2d 206), cited by petitioner, lends no support to its claim that the penalty imposed was too severe. Though the licensee in that case drew a four months’ suspension for falsification of its receipts, it nevertheless appears that there were extenuating circumstances, namely, that the unreported receipts were not actually collected by said licensee, but resulted from laxity on the part of its members in failing to collect the cost of cards used by players at the games. Here, it appears that petitioner collected the unreported receipts from the players and failed to account therefor. The diversion of bingo proceeds from lawful purposes to which they are to be exclusively devoted is a serious offense in the operation of this form of gambling *1058 which the Legislature justifies and exempts from prohibitions otherwise existing against it solely because proceeds derived therefrom are to be applied to worthwhile causes.
Accordingly, it cannot be said that the revocation of petitioner’s license was “ so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one’s sense of fairness.” (See Matter of Stolz v. Board of Regents, 4 A D 2d 361, 364.)
The remaining contention that petitioner was penalized “ because of its association with its landlord who was a primary target of respondent Commission ” is without merit. The filing of financial statements was petitioner’s responsibility and not its landlord’s.
The revocation of the license in question under the circumstances here presented does not appear to have been arbitrary or capricious nor an abuse of discretion, but amply justified by petitioner’s misconduct. Petition is dismissed.