■ In the Matter of SCRANTON VOLUNTEER FIRE CO., INC., Respondent, v. IRA M. BALL et al., Constituting the State Bingo Control Commission, et al., Appellants.— Judgment unanimously reversed on the law and facts and petition dismissed, without costs. Memorandum: In this article 78 proceeding Special Term has annulled the punishment imposed by the New York State Bingo Commission for petitioner's violations of section 495 of the General Municipal Law. Such judicial disturbance of a penalty meted out by an administrative agency is warranted only when the punishment " is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness." (*Matter of Stolz* v. *Board of Regents*, 4 A D 2d 361, 364; *Matter of Shander* v. *Allen*, 28 A D 2d 1150, affd. 24 N Y 2d 974; *Matter of Nicolay* v. *Port of New York Auth.*, 32 A D 2d 619.) The record before us does not demonstrate such a situation. Petitioner was charged with two violations of section 495 of the General Municipal Law in that it made false entries in its books and records relating to the conduct of bingo and that it diverted a portion of the net proceeds of bingo from the lawful purposes set forth in the statute. It pleaded " no contest " to the charges, but reserved the right to present matters in mitigation. Undisputed evidence offered before the commission showed that over a period of five years petitioner's treasurer had misappropriated to his own use an amount in excess of $8,000 from bingo receipts by various devices. He issued checks to himself with notations on the check stubs indicating payment to suppliers for fictitious purchases; he drew checks payable to " Cash " or to other officers and forged the indorsements. He created and maintained a fraudulent set of financial books. The company itself exercised no real control

over its treasurer. Until the embezzlement was discovered it permitted expenditure of company funds on his signature alone; it granted a *pro forma* approval of bills as requested by him at meetings; it required no summary of expenditures. It performed only a perfunctory audit of the treasurer's books at the annual meeting. The audit, conducted by trustees who were not accountants, consisted of comparing the ledger (prepared by the treasurer) with the bills reported (also by the treasurer) at the monthly meetings and took perhaps half an hour. There was no examination of bank statements to verify balances. The plea of "no contest" entered by petitioner is the equivalent of the common-law plea of *nolo contendere* or *non vult*, which "has the same consequences in a criminal court as a plea of guilty". (*People* v. *Daiboch*, 265 N. Y. 125, 129.) The violations which have been admitted by petitioner, with advice of counsel, are not inconsequential; as was said in *Matter of Barbella Post* v. *State Bingo Control Comm.* (46 Misc 2d 1054, 1057–1058) : "The diversion of bingo proceeds from lawful purposes to which they are to be exclusively devoted is a serious offense in the operation of this form of gambling which the Legislature justifies and exempts from prohibitions otherwise existing against it solely because proceeds derived therefrom are to be applied to worthwhile causes." The falsification of bingo records or the diversion of bingo proceeds from lawful purposes is made a misdemeanor by section 495 of the General Municipal Law as well as the basis for forfeiture of the license and ineligibility for reapplication for a period of one year. In these circumstances the six-month suspension imposed by respondents is not so disproportionate to the offense as to shock one's sense of fairness. (Appeal from judgment of Erie Special Term, anulling determination suspending license.) Present — Goldman, P. J., Del Vecchio, Marsh, Witmer and Moule, JJ.