■ In the Matter of CHARLES SNYDER BEVERAGES, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination, dated December 29, 1971, which suspended petitioner's wholesale beer license for a deferred period of seven days and made demand for payment of $1,000 upon petitioner's $5,000 bond. Determination modified, on the law, by reducing the demand upon the bond to $500. As so modified, determination confirmed, without costs. In our opinion, the demand upon the bond was excessive to the extent indicated herein and to that extent an abuse of discretion. Hopkins, Acting P. J., Brennan and Benjamin, JJ., concur; Latham and Gulotta, JJ., dissent and vote to annul the determination in all respects, with the following memorandum: This proceeding brings up for review a determination that petitioner violated subdivision 1 of section 104 of the Alcoholic Beverage Control Law in that it "engaged in any other business" on the licensed premises by using the premises to warehouse and deliver San Miguel Beer on behalf of Ansor Corporation. Petitioner is the holder of a "C" license, which authorizes it to sell beer to licensed wholesalers and licensed retailers and to individual consumers at retail for home consumption. Since there was no dispute on the facts, petitioner pleaded "No Contest", its position being that on the conceded facts it had committed no violation of law. It may be analogized to a demurrer in a criminal case. This preserves for our review the legal sufficiency of the charge (see Matter of Barbella Post No. 8501 v. State Bingo Control Comm., 46 Misc 2d 1054, 1056; United States v. Consentino, 191 F. 2d 574). The factual background is as follows: Petitioner has been a licensed seller of beer since 1960 and its license has been renewed annually. Among the brands of beer it sells is San Miguel, brewed and bottled in the Philippines by the San Miguel Brewery. The prime distributor in the United States is Ansor Corporation, a licensed wholesaler, and petitioner is one of its local distributors. Ansor, under its license, may not sell beer at retail for home consumption. At Christmas time 1970, San Miguel had numerous requests from prominent Filipino citizens, businessmen and officials to deliver complimentary cases of beer to friends and business associates in the United States as Christmas presents. It arranged to do this by transmitting the orders to Ansor who in turn sent the orders to petitioner for delivery. Under this arrangement petitioner picked up some 651 cases of Christmas-packaged beer from Ansor, 425 cases of which it delivered in the Westchester County area to designated gift recipients, and the remaining 226 cases were sold by it to its own customers in the usual way. Petitioner was paid or credited by Ansor at a certain amount per case for pick-up and for delivery of the presents, but was not billed for the beer itself. Of course it could just as easily have been billed by Ansor for the beer, paid

for it, and been reimbursed by San Miguel. There is nothing cited in this record to show that this would have been a violation of any rule or that the giving of Christmas presents by San Miguel constituted a violation of law. The whole transaction was an innocent one, conducted aboveboard, with no attempt at trickery or concealment and merely amounted to a bookkeeping procedure. As we view it, petitioner did nothing it was not licensed to do; nor was it "engaged in any other business". San Miguel gave away Christmas gifts and petitioner merely delivered them pursuant to instructions. Thus, this case resolves itself into a major prosecution for a paper transaction totally lacking in any substantive wrong (and for that matter even any technical wrong), for which petitioner was fined $1,000 against its $5,000 bond and its license suspended for seven days, the latter penalty being deferred. No provision of law has been cited which forbade this transaction from being recorded in the books exactly as it was.