■ In the Matter of ANTHONY J. BAROTTI et al., Petitioners, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR

article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the New York State Liquor Authority, which, *inter alia,* ordered that no new license should be issued for petitioners' premises for a period of 24 months. The substance of petitioners' arguments in this proceeding is that imposition of the penalty authorized by section 113 of the Alcoholic Beverage Control Law[*] deprived petitioners of certain "protected rights" without due process. We disagree. Petitioners, as owners of the licensed premises, were notified of the pending revocation proceeding against the licensee and the charges upon which such proceeding was based. The licensee, petitioners' tenant, pleaded no contest to the charges, which amounted to a waiver of a hearing and an admission of the facts as charged *(Matter of Snyder Beverages v State Liq. Auth.,* 41 AD2d 666), and he filed with respondent a statement of mitigating circumstances. Petitioners had been notified of respondent's powers under section 113 and, as previous licensees and operators of the premises, were or should have been aware that a revocation could lead to a ban on reissuance. Under these circumstances, we find no merit to petitioners' claim that they received inadequate notice to protect their interest in having the premises remain eligible for licensing by respondent, particularly since such licensing is a privilege, not a right *(Matter of Wager v State Liq. Auth.,* 4 NY2d 465, 467). Petitioners, as landlords of the premises, were not entitled to be made a party to the proceeding to revoke their tenant's license; rather, all that was required was that they be given the opportunity to bring to respondent's attention any facts bearing upon the exercise of its discretion with respect to the proposed ban upon the premises *(Matter of Franklin v State Liq. Auth.,* 17 AD2d 1027). In our view, the notices given to petitioners satisfied this requirement. We also find no merit to petitioners' claim that their rights were somehow violated on the ground that respondent, at the same time it considered the revocation proceeding, considered a pending proceeding to recall the renewal of the tenant's license. The recall proceeding, of which petitioners did not receive notice, was based on the same charges as the revocation proceeding plus some additional charges. The hearing officer submitted separate reports on each proceeding, and while respondent's determination in each proceeding is contained in a single decision, the disposition of each proceeding contained therein is clearly separate and distinct. Moreover, separate orders were filed, and only the order in the revocation proceeding contains the two-year proscription on the premises. Accordingly, there is nothing in the record to support petitioners' suggestion that in revoking the license and imposing the two-year proscription on the premises, respondent considered charges of which petitioners had no notice. Finally, section 113 of the Alcoholic Beverage Control Law is constitutional *(Matter of Colucci v O'Connell,* 283 App Div 964, app dsmd 307 NY 845), and petitioners here failed to carry their burden of establishing that respondent's exercise of the discretion vested in it by that statute was arbitrary and capricious (see *Matter of Franklin v State Liq. Auth., supra).* Determination confirmed, and petition dismissed, without costs. Mahoney, P.J., Sweeney, Casey, Weiss and Herlihy, JJ., concur.

---

[*] Section 113 provides: "Where a license for any premises licensed has been revoked, the liquor authority in its discretion may refuse to issue a license under this chapter, for a period of two years after such revocation, for such licensed premises".