■ In the Matter of Martin Stubenhaus, Petitioner, v State Education Department, Respondent. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law, § 6510, subd 5) to annul a determination of the Commissioner of Education which revoked petitioner's license to practice as a certified public accountant. Petitioner, a certified public accountant since 1952, pleaded guilty on December 2, 1980 to criminal facilitation in the second degree, a class A misdemeanor, in full satisfaction of a multiple-count indictment. On January 30, 1981 he was sentenced to a

period of probation not to exceed three years. After a hearing and on October 9, 1981, the Commissioner of Education, upon the recommendation of the Board of Regents, ordered petitioner's license to practice as a certified public accountant revoked. The instant proceeding was commenced with the sole issue concerning the severity of the penalty imposed. The record reveals that petitioner was a coexecutor and cotrustee of the estate of one Dr. Borenstein and that petitioner's brother was the attorney handling the estate. Petitioner's brother apparently converted the estate's assets for his personal benefit and ultimately pleaded guilty to a felony. Petitioner's criminal conviction resulted from his activities in regard to this estate. Petitioner points to his previous unblemished record and maintains that his involvement with the estate was minimal. He also claims that his complicity stemmed from a blind faith in his brother and refers to the fact that he made restitution in the sum of $15,500. Our power to review the sanction imposed in an administrative action is very limited (*Kostica v Cuomo,* 41 NY2d 673, 676; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233, 234). Petitioner was acting in a fiduciary capacity and was required to use diligence and prudence to protect the assets of the estate. He may not avoid this responsibility by a "blind faith" placed in his brother. Considering the record in its entirety, we are unable to say that the penalty imposed is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness and, therefore, the determination should be confirmed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.