■ In the Matter of STEPHEN L. ALAIMO, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to subdivision 4 of section 6510-a of the Education Law) to annul a determination of the Commissioner of Education, which revoked petitioner's license to practice as a physician. Petitioner, a physician who had been licensed to practice medicine since 1942, was found guilty on May 19, 1978 of perjury in the first degree, a class D felony (Penal Law, § 210.15). On June 28, 1978, he was sentenced to a conditional discharge, dependent on his voluntarily providing medical services three days a week for two years at a charitable agency. Petitioner has fulfilled this sentence. Thereafter, on September 25, 1981, following a hearing, the Board of Regents found petitioner guilty of having

been convicted of a crime and of unprofessional conduct (Education Law, § 6509, subd [5], par [a]; subd [9]) and recommended that his license to practice medicine be revoked. The Commissioner of Education made an order to this effect on October 5, 1981. Petitioner then brought this proceeding, challenging only the penalty imposed. Petitioner, who owned three nursing homes, admittedly was convicted of falsely denying under oath to a Grand Jury that he had received cash rebates, refunds or discounts from vendors (including a named pharmacist) to his nursing homes, when in fact he had received approximately $800 from the pharmacist between December 15, 1974 and January 15, 1975. Our power to review a sanction imposed in an administrative action is strictly limited (*Matter of Pell v Board of Educ.*, 34 NY2d 222). It cannot be said that revoking the license of a physician who is found guilty of perjury in denying receipt of kickbacks from a supplier to his nursing homes is arbitrary and capricious or so disproportionate to the offense as to be shocking as to one's sense of fairness (*Matter of Stubenhaus v State Educ. Dept.*, 88 AD2d 1102; *Matter of Kirsch v Board of Regents of Univ. of State of N. Y.*, 79 AD2d 823, mot for lv to app den 53 NY2d 602). Moreover, the mere fact that others guilty of similar transgressions have escaped with lighter penalties does not justify a modification here (*Matter of Pietranico v Ambach*, 82 AD2d 625, 627, affd 55 NY2d 861; *Matter of Raguseo v Ambach*, 67 AD2d 738, 739, mot for lv to app den 46 NY2d 711). Lastly, revocation of petitioner's license resulted from a discretionary, not a mandatory or automatic, action of the Board of Regents, and, therefore, was authorized despite petitioner's certificate of relief from disabilities (Correction Law, § 701, subd 3). *Matter of Hodes v Axelrod* (56 NY2d 930) deals with automatic revocation of a nursing home license pursuant to subdivision 5 of section 2806 of the Public Health Law, and thus is inapposite. For the foregoing reasons, the determination should be confirmed. Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.