■ In the Matter of WILLIAM KAY, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents. — Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to annul a determination of the Commissioner of Education which found petitioner guilty of professional misconduct in the practice of veterinary medicine.

Petitioner, as chief of staff of the Animal Medical Center in New York City, admittedly engaged in professional misconduct when he allowed two interns to practice veterinary medicine despite knowledge that their failure to pass portions of the State licensure examination rendered them ineligible to continue to do so on previously issued permits. A hearing panel of the State Board of Veterinary Medicine unanimously recommended that petitioner be censured and reprimanded and fined $2,000, explaining:

"We take a serious view of the misconduct committed by [petitioner].

"[Petitioner's] willful failure to adhere to the licensing requirements necessary for the practice of veterinary medicine evinces a lack of regard for the need for and the policies behind those requirements.

"[Petitioner's] impressive qualifications do not make his decision to ignore the law excusable nor any more comprehensible to this panel." The Regents Review Committee confirmed the hearing panel's finding of fact and determination but suggested that the sanction consist of a censure and reprimand, a $1,000 fine, and a three-month period of probation. The Board of Regents accepted this recommendation and the Commissioner of Education implemented it. Perceiving the punishment to be grossly excessive, petitioner initiated this CPLR article 78 proceeding to have the punishment annulled or modified in its severity.

Petitioner contends that, measured against the fact that his motivation in permitting the interns to remain in practice was altruistic and not rooted in personal gain, the absence of any adverse consequences and his own distinguished record, the sanction imposed was fundamentally unfair. However, the administrative tribunals were not only mindful of these mitigating factors, but also that petitioner's undisputed transgression was a serious one. As there is substantial evidence to support the administrative body's determination and the penalty prescribed is not so disproportionate as to shock one's sense of fairness, we are obliged to confirm (see, Matter of Purdy v Kreisberg, 47 NY2d 354, 360; Matter of Pell v Board of Educ., 34 NY2d 222, 233).

Determination confirmed, and petition dismissed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.