■ In the Matter of JOHNNY EUFEMIO, Petitioner, v UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents.—Main, J. P. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of the Commissioner of Education which suspended petitioner's license to practice medicine in New York State for three years, stayed the suspension and imposed a fine.

In 1979, petitioner was convicted in Maryland of the crime of petty theft. This conviction related to certain financial irregularities at a nursing home owned by petitioner in that State. He received a suspended sentence, three years of probation and was required to perform 300 hours of community service. The Maryland Commission of Medical Discipline reprimanded petitioner and placed him on probation.

Before the Maryland Commission acted, petitioner relocated to New York, where he had previously been licensed to practice medicine. He advised respondent State Education Department of his Maryland misdemeanor conviction. Thereafter, petitioner was charged with professional misconduct under Education Law § 6509 (5) (a) (iii). The hearing committee of the State Board for Professional Medical Conduct sustained the charges of professional misconduct, but recommended that no penalty be imposed. The Commissioner of Health, however, recommended that petitioner be suspended for three years, that the suspension be stayed and that petitioner be fined $500. This is the sanction ultimately imposed by the Commissioner of Education.

The sole issue for our consideration is whether this sanction is too harsh. In this regard, we note that our power to review a sanction imposed in an administrative proceeding is strictly limited, and we may interfere with imposition of a sanction only where the punishment is so disproportionate to the offense as to be shocking to one's sense of fairness (*Matter of Alaimo v Ambach,* 91 AD2d 695, *lv denied* 58 NY2d 607; *see, Matter of Purdy v Kreisberg,* 47 NY2d 354, 360; *Matter of Kay v Board of Regents,* 108 AD2d 1039). We do not find the penalty imposed here to be shocking to one's sense of fairness. Although the hearing committee noted several mitigating factors in petitioner's favor, the fact remains that petitioner was convicted of a crime and, as the Commissioner of Health noted, petitioner left Maryland before that State's Commission

of Medical Discipline imposed a penalty on him. Accordingly, the Commissioner of Education's determination should be confirmed.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.