■ In the Matter of WAYNE A. HENING, Petitioner, v GORDON AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Main J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which suspended petitioner's license to practice medicine in New York State for five years, but stayed the execution of the suspension and placed petitioner on probation for that period.

In 1984, petitioner, a licensed physician, pleaded guilty to a charge of sexual abuse in the second degree, a misdemeanor. The incident which resulted in this conviction did not involve petitioner in his professional capacity. Thereafter, the State Board for Professional Medical Conduct (hereinafter the Board) charged petitioner with professional misconduct pursuant to Education Law § 6509 (5) (a) (i) based on his criminal conviction. At a hearing before the Board's hearing committee, petitioner admitted the charge; thus, the only issue remaining for resolution was the penalty to be imposed. Finding petitioner guilty as charged, the hearing committee recommended that petitioner's license be suspended but that the suspension be stayed and petitioner placed on probation for five years, that petitioner submit to periodic psychiatric evaluations and that he have a program of therapy with a separate therapist. The Board of Regents ultimately accepted this recommendation, with some modifications.

Petitioner now asserts that the hearing committee could not recommend a penalty involving periodic psychiatric evaluations and therapy, since the penalty must have been based upon the assumption that petitioner was psychologically impaired and he was not charged with professional misconduct in that regard (see, Education Law § 6509 [3]) and the hearing committee did not find that he was psychologically impaired. We find this contention to be without merit. Education Law

§ 6511 (2) (c) permits suspension of a professional's license "until the licensee successfully completes a course of therapy or treatment prescribed by the regents". Imposition of this penalty is not limited to cases in which the licensee was charged with the professional misconduct of practicing his profession while his ability was impaired or cases in which the licensee was found to be physically or mentally impaired. Since the penalty imposed was within the confines of the penalties set forth in Education Law § 6511, we cannot say that the Board of Regents was without power to impose the penalty.

The only other issue for our consideration is whether the penalty imposed is too severe. Our power to review a sanction imposed by respondents is strictly limited, and we may interfere with the imposition of a sanction only when the penalty imposed is so disproportionate to the offense as to be shocking to one's sense of fairness *(Matter of Eufemio v University of State of N. Y.,* 130 AD2d 880; *see, Matter of Purdy v Kreisberg,* 47 NY2d 354, 360; *Matter of Kay v Board of Regents,* 108 AD2d 1039)*. In light of the nature of petitioner's misconduct, we cannot say that the penalty imposed here is disproportionate to the offense, especially since the penalty imposed was far less severe than the penalty that could have been imposed under Education Law § 6511. Accordingly, the determination should be confirmed.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.