■ In the Matter of PULASKI INN, INC., Respondent. NEW YORK STATE LIQUOR AUTHORITY, Appellant.—Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: After the president of petitioner entered a plea of guilty to one count of a Federal indictment charging him with a violation of 18 USC § 371, the New York State Liquor Authority (Authority) imposed a penalty of a 10-day deferred license suspension and a $1,000 bond claim upon the peti-

tioner. In a CPLR article 78 proceeding brought by petitioner, Supreme Court annulled the Authority's determination and prohibited any future use by the Authority of facts arising out of the president's conviction. That was error. The determination that petitioner's conduct, by its president, was of such improper nature that it warranted suspension of its license was not arbitrary and was supported by substantial evidence. Rule 36.1 (9 NYCRR 53.1 [n]) gives the Authority power to revoke, cancel or suspend a license for improper conduct *(see, Matter of 17 Cameron St. Rest. Corp. v New York State Liq. Auth.,* 48 NY2d 509). By his "no contest" plea, the president admitted the facts as charged *(see, Matter of Barotti v New York State Liq. Auth.,* 82 AD2d 1004; *Matter of Scranton Volunteer Fire Co. v Ball,* 37 AD2d 757, *affd* 30 NY2d 589, *rearg denied* 30 NY2d 880).

Petitioner's reliance upon Correction Law § 752 is misplaced because that statute does not require a direct relationship between the improper conduct and the licensed activity where the discipline imposed is upon one already licensed *(Matter of Pietranico v Ambach,* 82 AD2d 625, *affd* 55 NY2d 861; *Matter of Mosner v Ambach,* 66 AD2d 912). It is by now well settled that a licensee may be disciplined for conduct extraneous to the licensed activity *(Daniels v McLaughlin,* 82 AD2d 905; *see also, Matter of Bevacqua v Sobol,* 176 AD2d 1; *Matter of Pietranico v Ambach, supra).* The fact that the president received a Certificate of Relief from Civil Disabilities does not preclude the imposition of a disciplinary penalty *(see, Matter of Alaimo v Ambach,* 91 AD2d 695, 696, *lv denied* 58 NY2d 607). Finally, the penalty imposed was a reasonable exercise of the Authority's discretion. (Appeal from Judgment of Supreme Court, Oswego County, Miller, J.—Article 78.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.