In the Matter of JOSEPH C. MANERI, Petitioner, v NEW YORK STATE DEPARTMENT OF STATE, Respondent. [660 NYS2d 26] —Proceeding pursuant to CPLR article 78 to review a determination of the Secretary of State, dated March 31, 1996, which, after a hearing, revoked the petitioner's real estate broker's licenses pursuant to Real Property Law § 441-c and revoked his notary public commission pursuant to Executive Law § 130.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner was found to be untrustworthy as a result of his participation in a scheme in which several pieces of real property in Suffolk County were sold without the owners' knowledge or consent. The petitioner was also found to have engaged in misconduct by notarizing deeds without the signatories having appeared before him.

We find that the determination was supported by substantial evidence (see, Matter of Pell v Board of Educ., 34 NY2d 222, 231). Where a broker is "guilty of fraud or fraudulent practices * * * or has demonstrated untrustworthiness or incompetency to act as a real estate broker or salesman", the Department of State may revoke or suspend the license of that broker or salesman (Real Property Law § 441-c [1] [a]). Accordingly, the determination by the Secretary of State to revoke the petitioner's real estate broker's licenses was proper, as was the determination to revoke the petitioner's notary public commission (see, Executive Law § 130). Moreover, the penalty was not so disproportionate to the offense as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., supra, at 233).

Additionally, the revocation of the petitioner's real estate broker's licenses and his notary public commission were proper notwithstanding his receipt of a certificate of relief from civil disabilities (see, e.g., Matter of Pulaski Inn, 182 AD2d 1116,

1117; *Matter of Alaimo v Ambach*, 91 AD2d 695, 696; Correction Law § 701 [3]; Executive Law § 130). The petitioner's argument that the revocation of his licenses and notary commission constitutes double jeopardy is unavailing (*see, Harvey-Cook v Steel*, 124 AD2d 709, 710; *see also, Matter of Barnes v Tofany*, 27 NY2d 74, 78; *United States ex rel. Marcus v Hess*, 317 US 537, 549; *Helvering v Mitchell*, 303 US 391, 399).

The petitioner's remaining contentions are without merit. O'Brien, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.