■ In the Matter of THOMAS R. PLANTONE, Respondent, v STATE OF NEW YORK DEPARTMENT OF STATE, DIVISION OF LICENSING SERVICES, Appellant. [674 NYS2d 560] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Supreme Court erred in granting the petition in this CPLR article 78 proceeding seeking to prohibit respondent from revoking petitioner's real estate salesperson's license. Petitioner was convicted upon his plea of guilty of attempted arson in the third degree (Penal Law §§ 110.00, 150.10) and conspiracy in the fourth degree (Penal Law § 105.10 [1]). At sentencing, petitioner was granted a certificate of relief from disabilities. It is well settled that a certificate of relief from disabilities does not preclude a licensing body from exercising its discretion to revoke a license over which the licensing body has authority (*see, Matter of Maneri v New York State Dept. of State,* 240 AD2d 748; *Matter of Pulaski Inn [New York State Liq. Auth.],* 182 AD2d 1116; *Matter of Alaimo v Ambach,* 91 AD2d 695, *lv denied* 58 NY2d 607). Contrary to petitioner's contention, that certificate did not prevent respondent from revoking petitioner's license in the exercise of its discretion (*see,* Correction Law § 701 [3]); it merely precluded the automatic revocation of petitioner's license to sell real estate (*see,* Correction Law § 701 [1]). Respondent's determination to revoke petitioner's license on the ground that petitioner is "untrustworthy" (Real Property Law § 441-c [1]) is not arbitrary and capricious (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). Nor is the penalty imposed, i.e., revocation of the license with the right to reapply one year following the revocation (*see,* Real Property Law § 441-c [4]), shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ., supra,* at 234-235). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—CPLR art 78.) Present—Denman, P. J., Hayes, Pigott, Jr., Balio and Fallon, JJ.