OPINION OF THE COURT
Thomas P. Phelan, J.
*624 Petitioner brings this proceeding pursuant to CPLR article 78 challenging so much of a determination by respondent dated March 30, 2006 which it appears imposed a two-year proscription against all sale of alcoholic beverages involving the premises located at 1002 Fulton Street, Uniondale, New York.
Petitioner is the owner of the subject premises but not a licensee of respondent. Rather, since at least 1994, petitioner has leased the premises to outside corporate tenants which obtained and held alcoholic beverage licenses issued by respondent Authority. From in or about 1994 to early 2004 the premises were leased to Prince News Corp. As alleged by respondent, Prince was “forced to give up its liquor license because of all of the trouble occurring” at the premises (answer H 11).
Thereafter the premises were leased to A-Leet Group, Inc. which obtained its license from respondent on or about March 26, 2004 (answer 11 6).
By determination of respondent dated March 30, 2006 addressed to its licensee, A-Leet was notified that its license was revoked and a $1,000 bond claim imposed “PLUS 2 YEAR PROSCRIPTION.”
Said penalty followed service by respondent upon A-Leet of three notices of pleadings alleging various charges which were heard before an administrative law judge on December 1, 2005 and January 19, 2006. The determination of the administrative law judge sustained two of the charges — underage sale of alcohol to three persons on September 8, 2005 and underage sale of alcohol to seven persons on September 29, 2005.
It is not disputed that the notices of pleadings were also sent to and received by petitioner as landlord and included the following language: “Notice to Landlord: As stated above, in the event the disposition of this case results in a revocation of the license, the Authority may impose, as part of the penalty, a two-year prohibition against the issuance of any alcoholic beverage license at these premises.”
Petitioner did not appear or otherwise participate in the proceedings brought by respondent against A-Leet.
Upon learning that the “2 year proscription” in its March 30, 2006 determination was intended by respondent to prohibit all licensing of sales of alcoholic beverage from the subject premises and not just licensing of A-Leet, petitioner commenced the within CPLR article 78 proceeding. Petitioner challenges the two-year proscription penalty alleging that it resulted from an *625 unconstitutional deprivation of due process and constitutes an impermissibly excessive penalty as a matter of law.
Respondent’s authority to impose a prohibition against licensing upon premises, as distinct from businesses, stems from Alcoholic Beverage Control Law § 113 which has been held constitutional (Matter of Barotti v New York State Liq. Auth., 82 AD2d 1004 [3d Dept 1981]; Colucci v O’Connell, 283 App Div 964 [2d Dept 1954], appeal dismissed 307 NY 845 [1954]).
Moreover, where, as here, petitioner was notified of the potential for a two-year licensing prohibition at the premises and afforded the opportunity to be heard on imposition of any such potential penalty, petitioner’s due process rights have not been violated (Barotti v New York State Liq. Auth., supra; see, Matter of Franklin v State Liq. Auth., 17 AD2d 1027 [4th Dept 1962]).
Petitioner’s challenge to the severity of the penalty, however, has merit.
“Judicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law. . . . [A] penalty must be upheld unless it is ‘so disproportionate to the offense as to be shocking to one’s sense of fairness,’ thus constituting an abuse of discretion as a matter of law. This calculus involves consideration of whether the impact of the penalty on the individual is so severe that it is disproportionate to the misconduct, or to the harm to the agency or the public in general.” (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001] [citations omitted].)
Unlike the circumstances of Matter of 17 Cameron St. Rest. Corp. v New York State Liq. Auth. (48 NY2d 509 [1979]) in which a two-year proscription was upheld where the attendant license revocation involved the sale of controlled substances by a coprincipal of the premises’ owner, here there is no evidence of any misconduct by petitioner’s principal or agents. To the contrary, there is a dearth of evidence to suggest any personal involvement by petitioner/landlord in its tenants’ operation of the premises, which tenants had at all times been duly licensed by respondent.
Moreover, the only evidence of sustained charges against either of petitioner’s two tenants in the past 14 years involve the underage sale of alcohol to a total of 10 persons on two occa *626 sions. This misconduct by petitioner’s tenant A-Leet, at best, supports the penalty imposed by respondent against A-Leet as the actual wrongdoer, but even this outcome would be open to potential serious challenge (see, Matter of Dimkos v New York State Liq. Auth., 261 AD2d 927 [4th Dept 1999]; Matter of Vicky's Grocery v New York State Liq. Auth., 213 AD2d 206 [1st Dept 1995]).
The premises are now vacant.
Under the circumstances, to impose a two-year prohibition against the sale of alcohol upon the subject premises, now vacant, which effectively punishes only the innocent landlord, is “so disproportionate to the offense, in light of all the circumstances, as to be shocking to one’s sense of fairness” (Matter of Verney v New York State Liq. Auth., 94 NY2d 779, 780 [1999], quoting Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]).
Review of the specific provisions of Alcoholic Beverage Control Law § 113 additionally supports the within finding of excessiveness. Subdivisions (1) and (2) of Alcoholic Beverage Control Law § 113 provide in relevant part as follows:
“1. Where a license for any premises licensed has been revoked, the liquor authority in its discretion may refuse to issue a license under this chapter, for a period of two years after such revocation, for such licensed premises . . .
“2. In determining whether to issue such a license for such two year period, in addition to any other factors deemed relevant, the liquor authority shall, in the case of a license revoked due to the illegal sale of alcohol to a minor, determine whether the proposed subsequent licensee has obtained such premises through an arm’s length transaction, and, if such transaction is not found to be an arm’s length transaction, the liquor authority shall deny the issuance of such license.” (Emphasis added.)
“Arm’s length transaction” is defined at subdivision (3) as the sale or lease of the premises between two voluntary participants “unaffected by any unusual conditions indicating a reasonable possibility that the sale was made for the purpose of permitting the original licensee to avoid the effect of the revocation.”
Thus, as it pertains to circumstances in which there is a license revocation due to illegal sale of alcohol to a minor, *627 Alcoholic Beverage Control Law § 113 is intended to prevent the original licensee from avoiding the penalizing effects of the revocation by selling or leasing the premises to a proposed subsequent licensee somehow allied with the wrongdoer.
Petitioner herein is not the original licensee and there is no evidence to suggest that any future sale or leasing of the premises will enable A-Leet to, in effect, escape the revocation penalty imposed upon it. Should respondent learn of any such circumstance, it may of course deny a license application at that time.
Consistent with the foregoing, the within petition is granted. That portion of the March 30, 2006 determination of respondent which imposed a two-year prohibition on the sale of alcohol from the premises located at 1002 Fulton Street, Uniondale, New York, is annulled.