■ In the Matter of NICOTARE RESTAURANT, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— *Per Curiam.* Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Liquor Authority which suspended petitioner's special on-premises liquor license for 10 days (with three days remitted due to petitioner's "no contest" plea) and invoked a forfeiture of petitioner's $1,000 bond. Petitioner, to whom had been issued an on-premises liquor license, received a notice of a hearing from the State Liquor Authority indicating that the licensee was charged with violating subdivision 6 of section 106 of the Alcoholic Beverage Control Law in that it suffered or permitted gambling on the licensed premises on August 5, 1968, which notice contained a statement that the maximum penalty was a suspension for ten days and a forfeiture of the bond filed by the holder of the license. Thereafter the licensee entered a plea of "no contest" to the charge preferred and petitioner contends that the discipline imposed by respondent was too severe and should be modified. Subject to the supervision and control of the State Liquor Authority, in all hearings where the licensee pleads "no contest" to the charge or charges contained in the notice of hearing, the hearing commissioner shall make his findings and shall assess the penalty (Rules of the State Liquor Authority, rule 2, subd. 9, par. [b]; 9 NYCRR 54.9 [b]). By entering its plea of "no contest", petitioner waived its right to review the facts upon which the punishment was imposed (*Matter of Victorian House* v. *New York State Liq. Auth.*, 24 A D 2d 484; cf. *People* v. *Daiboch*, 265 N. Y. 125, 128–129; *Tseung Chu* v. *Cornell*, 247 F. 2d 929, 937–938, cert. den. 355 U. S. 892). Investigation reports before the respondent indicate that on the day in question petitioner's bartender and principal corporate officer was observed accepting horse racing bets, as well as giving slips and money to a twice convicted bookmaker. It appears that, while said officer was individually licensed, his license was suspended in 1960 for violation of subdivision 1 of section 65 of the Alcoholic Beverage Control Law and in 1962 for violation of the same subdivision and section as here involved. Here, it cannot be said that the measure of punishment is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness (*Matter of McGinnis' Broadway Rest.* v. *Rohan*, 6 A D 2d 115, 118, affd. 6 N Y 2d 770). Determination confirmed and petition dismissed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum *Per Curiam.*