Burke, J.
 

 Respondent operated a restaurant and was licensed to sell liquor at retail for on-premise consumption (Alcoholic Beverage Control Law, § 64). The State Liquor Authority (“Authority”), concluding that the premises had ceased “to be operated as a bona fide premises within the contemplation of the license issued ” (9 NYCRR 53.1 [d]), canceled the license.
 

 Since that determination, respondent has terminated its operations. Appellant, however, has a continuing interest in the disposition of this appeal. Because several licensed “ restaurants ” operate in a manner similar to that of respondent, the controversy is of a character which is likely to recur, and we will not consider the appeal moot
 
 (East Meadow Assn.
 
 v.
 
 Board of Educ.,
 
 18 N Y 2d 129;
 
 Matter of Plumbing Assn.
 
 v.
 
 Thruway Auth.,
 
 5 N Y 2d 420, 422, n. 1).
 

 At the hearing, an Authority investigator testified that he telephoned for, and was refused, reservations by a person who identified herself as executive secretary of ‘ Numero Uno ’ ’, a membership club. Arriving at the premises at about 6:45 p.m. that evening, he was refused admission by a captain of waiters. The reason given each time was that he was not a member of the club.
 

 The manager of the respondent corporation testified that neither the person who received the call nor the captain of waiters had authority to refuse admission to anyone, but the fact of refusal was not denied. Describing the club policy, he stated that, prior to 7:00 p.m., reservations were accepted only from members of Numero Uno, which had between 1,300 and 1,500 members. After 7:00 p.m., preference was given to members, but nonmembers would be seated, space permitting, at a charge of $7.50 per person. After 10:30 p.m., no preference was shown, and space was allotted on a first-come-first-served basis.
 

 Based on this evidence, the commissioner found that respondent’s operation was designed to discourage the public from seeking admission. The testimony to that effect was buttressed by the failure of the restaurant to advertise and the plaque dis
 
 *378
 
 played on the outer wall which designated the premises as Numero Uno. It was, therefore, found that the charges had been sustained, and the license was canceled.
 

 In reviewing the record, we are limited, in this administrative proceeding, to a determination of whether the findings are supported by substantial evidence
 
 (Matter of Playboy Club
 
 v.
 
 State Liq. Auth.,
 
 23 N Y 2d 544, 547;
 
 Matter of Holland
 
 v.
 
 Edwards,
 
 307 N. Y. 38, 44;
 
 Matter of Kopec
 
 v.
 
 Buffalo Brake Beam,
 
 30N. Y. 65, 71-72;
 
 Matter of McCormack
 
 v.
 
 National City Bank,
 
 303 N. Y. 5, 9). A reviewing court will not substitute its judgment for the considered judgment of an administrative tribunal if there is “ ‘ such relevant evidence as a reasonable mind might accept as adequate to support a conclusion ’
 
 (Consolidated Edison Co.
 
 v.
 
 National Labor Relations Board,
 
 305 U. S. 197, 229.) ”
 
 (Matter of Stork Rest.
 
 v.
 
 Boland,
 
 282 N. Y. 256, 274). Applying that standard, we find that the commissioner’s determination that the licensed premises were not open to the general public is supported by substantial evidence.
 

 Having so found, we must now decide whether the Alcoholic Beverage Control Law requires
 
 “
 
 restaurants,” which are granted retail licenses for on-premise consumption, to admit the general public. The Legislature has declared that the regulation of alcoholic beverages by the State Liquor Authority should be for the ‘ ‘ public convenience and advantage ’ ’ (Alcoholic Beverage Control Law, § 2). Moreover, the Legislature specifically permitted exclusive restaurants at the 1964r-1965 World’s Fair 1 ‘ notwithstanding the fact that said premises is not open to the general public as required by this chapter ’ ’ (Alcoholic Beverage Control Law, § 64, subd. 9). Thus, while the specific requirement is not provided for by statute — despite the above-quoted statement — the legislative intent is clearly enunciated. The ‘
 
 ‘
 
 public convenience and advantage” is advanced by requiring retail on-premise restaurant licenses to serve the general public. The commissioner’s finding, supported by substantial evidence, is that Numero Uno was not so open.
 

 Respondent cites
 
 Playboy Club
 
 v.
 
 Hostetter
 
 (40 Misc 2d 449, affd. 19 A D 2d 822, affd. 14 N Y 2d 933) as authority to the contrary. Since the Playboy Club admits all who are willing to pay its admission fee — albeit credit is granted only to those
 
 *379
 
 whose rating warrants it—the issue was not presented in that case.
 

 Accordingly, the order of the Appellate Division, First Department, should he reversed and the determination of the Authority reinstated.
 

 Chief Judge Fuld and Judges Scileppi, Bergan, Breitel, Jasen and Gibson concur.
 

 Order reversed, without costs, and the determination of the State Liquor Authority reinstated.