■ In the Matter of SHERATON-BINGHAMTON CORP., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Department by order of the Supreme Court at Special Term, entered in Broome County) to review a determination of the State Liquor Authority which imposed a 10-day suspension of petitioner's license and a $500 bond claim. Respondent has determined that petitioner violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law in that it suffered or permitted gambling on its licensed premises on January 8, 9, 10, 20 and 28, 1970. The evidence consisted of the testimony of a New York State Trooper that he had placed bets with the bartender, the bell captain, and a patron at the licensed premises. The bartender and the bell captain testified to the same effect. The manager and assistant manager had no knowledge of these activities, their activities keeping them elsewhere on the premises except for a general round of the premises every hour or hour and a half. The bell captain and the patron were later arrested on gambling charges which were dismissed for insufficiency several months after the determination of the State Liquor Authority. Petitioner contends that when the criminal charges were dismissed against the bell captain and the patron there was no competent proof to establish a violation of the statute; that evidence showing the employees of the licensee engaged in gambling activities is insufficient to warrant suspension in the absence of evidence indicating that the licensee knew or, through reasonable diligence, should have known that such activity was taking place; and that the penalty imposed was excessive. Ample evidence was adduced at the hearing concerning the alleged gambling activities and such evidence was not rendered less probative because the criminal charges based upon some of it had been dismissed by the Court of Special Sessions of the City of Binghamton. (*Matter of Lynch's Bldrs. Rest.* v. *O'Connell*, 303 N. Y. 408.) A bartender may be a responsible agent or representative of a licensee. (*Matter of Conservative Grouping Corp.* v. *Epstein*, 10 N Y 2d 956.) The bartender, as a responsible representative of petitioner, having participated in the gambling activities, there is substantial evidence in the record to sustain the charge that the licensee had suffered or permitted gambling on the premises in violation of the Alcoholic Beverage Control Law. (*Matter of Club 95* v. *New York State Liq. Auth.*, 23 N Y 2d 784.) We conclude that the Authority did not abuse its discretion in imposing punishment herein. The determination of the Authority must, therefore, be confirmed. Determination confirmed and petition dismissed, with costs to respondent. Staley, Jr., J. P., Cooke, Sweeney, Simons and Kane, JJ., concur.