■ In the Matter of COLONY LIQUOR DISTRIBUTORS, INC., Appellant, v. STATE LIQUOR AUTHORITY et al., Respondents.—Appeal from so much of a judgment of the Supreme Court at Special Term, entered November 23, 1973 in Albany County, as dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to set aside an order of the State Liquor Authority which suspended petitioner's wholesale liquor license for its premises at Elmwood Road, Menands, New York, and forfeited its bond in the amount of $1,000. The petitioner was authorized by means of two separate licenses issued by the State Liquor Authority to sell wine and liquor at wholesale in Kingston, New York, and Menands, New York. On February 14, 1972, by means of two separate notices of pleading and hearing, it was charged with violations in the operation of each of its licenses. Against the Menands license, there were three charges, the first of which consisted of aiding and abetting in the alleged Kingston violations. The remaining two charges, however, dealt with violations at the Menands operation and alleged the illegal delivery of liquor and the improper maintenance of books and records in violation of subdivisions 6 and 10 of section 104 of the Alcoholic Beverage Control Law. Although the petitioner originally pleaded not guilty to all the charges and requested a bill of particulars as to each pleading notice, at a scheduled hearing thereafter, it pleaded no contest to the charges against each license. The hearing officer then prepared summaries of the no contest submissions in which the charges in each proceeding were sustained, and the authority adopted his findings. As a penalty, it imposed against each license a seven-day suspension, deferring the service of the suspension for 12 months, and a $1,000 bond claim. Subsequently, petitioner instituted this proceeding to have the penalties imposed on the Menands license set aside. As noted above, however, Special Term rejected its arguments and found that the penalties were reasonable and failed to shock the conscience of the court. It further determined that the authority's procedures relating to pleas of "no contest" were constitutional. On this appeal, the petitioner first argues that the trial court erred in barring a claim by the petitioner that the penalty imposed was excessive and unlawful because of its plea of no contest. The court made no such ruling, however, but rather, considered the penalties and found that they should be sustained. Secondly, petitioner contends that the Menands license was improperly penalized because it was charged with no violations separate and distinct from those which occurred at Kingston, and, therefore, any penalty against the Menands license was a second penalty for the same actions. Again, however, petitioner ignores the facts of the case because it was specifically charged with the improper maintenance of books and records and illegal delivery procedures at the Menands operation. Furthermore, by its "no contest" plea, it waived its right to a review of the facts upon which punishment was imposed (*Matter of Victorian House,* v. *New York State Liq. Auth.*, 24 A D 2d 484). Finally, petitioner challenges the

constitutionality of the authority's "no contest" procedures, claiming that they were created without compliance with section 8 of article IV of the New York Constitution and are, therefore, void and lacking in legal effect. This argument is also without merit because that section of the Constitution merely requires that a rule or regulation of an authority be filed in the Department of State to be effective, and the relevant rule here has been so filed (9 NYCRR 54.9 [b]). Judgment affirmed, with costs to the State Liquor Authority. Staley, Jr., J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.