■ SAMUEL BERKOWITZ, Respondent, v GEORGE A. JOHNS, Appellant, et al., Defendant.—In a negligence action to recover damages for personal injuries, defendant Johns appeals from an order of the Supreme Court, Suffolk County, dated September 20, 1976, which denied his motion to vacate so much of a prior order of the same court, dated July 23, 1976, as directed the attachment of a certain policy of automobile liability insurance issued to his father. Order affirmed, with $50 costs and disbursements. On this record, Special Term's denial of the motion to vacate the attachment was proper (see *Simpson v Loehmann,* 21 NY2d 305; *Seider v Roth,* 17 NY2d 111). The insurer's duty to defend is broader than its duty to pay and "extends to any action, however groundless, false or fraudulent, in which facts are alleged within the coverage afforded by the policy" *(Utica Mut. Ins. Co. v Cherry,* 38 NY2d 735, 737). Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur.

■ MICHAEL DELFINO et al., Respondents, v LINDA CARMODY et al., Constituting the Board of Education of the Hendrick Hudson School District, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to prohibit appellants from reassigning certain children to different elementary schools within the school district, the appeals are (1) from a judgment of the Supreme Court, Westchester County, entered October 18, 1976, which, *inter alia,* granted the petition and prohibited the transfer and (2) as limited by appellants' brief, from so much of a further order of the same court, entered October 29, 1976, as, upon reargument, adhered to the original determination. Appeal from the judgment dismissed as academic, without costs or disbursements. The judgment was superseded by the order made upon reargument. Order reversed insofar as appealed from, on the law, and proceeding dismissed on the merits, without costs or disbursements. Petitioners commenced this article 78 proceeding to prevent the appellant school district from reassigning a group of 47 children to another elementary school within the district after the district, upon reconsideration of the parents' demands, refused to accept the alternative proposals. Special Term granted the petition, finding that "nothing has been advanced by [appellants] as an independent, corroborative study or investigation by the School Board which in any wise could be construed as supportive of what up to then was merely a memorandum suggestion". While the memorandum only calls for a review of possible redistricting, the accompanying detailed data reveals that the redistricting plan would accomplish the twin permissible objectives of budget reductions, in not having to employ an additional half-time kindergarten teacher, and improving a serious imbalance of class sizes within the four elementary schools of the district. The Court of Appeals has repeatedly stated that it is not the function of a reviewing court to substitute its judgment for that of an administrative body when the wisdom of the discretionary act is questioned, unless the determination lacks such relevant evidence as a reasonable mind might accept as adequate to support the conclusion (see *Matter of 330 Rest. Corp. v State Liq. Auth.,* 26 NY2d 375). Hence, this court is not prepared to say that "the administrative action is without foundation in fact" (see 1 NY Jur, Administrative Law, § 184, p 609) or "is without sound basis in reason and * * * generally taken without regard to the facts" (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur.

■ EUGENE J. DELLEA, Doing Business as HOUSE OF COIFFURES, Appel-