■ In the Matter of BORIS LURIE, Respondent, v EMANUEL P. POPOLIZIO, as Administrator of New York City Conciliation and Appeals Board, Appellant. — Judgment, Supreme Court, New York County (Scott, J.), entered on October 22, 1980, which annulled the determination of respondent-appellant, New York City Conciliation and Appeals Board (CAB), unanimously reversed, on the law, the petition dismissed and the determination of the CAB reinstated, without costs. The tenant in apartment 2-C, at 239 East 77th Street, failed, it is alleged, to receive a timely notification, pursuant to section 60 of the Code of the Real Estate Industry Stabilization Association of New York City, Inc., of the expiration of his lease term. The tenant, Peter Jacobsen, protested this fact to the CAB. Jacobsen has resided in the subject apartment since May, 1968, pursuant to a lease, which has been renewed every two years. At the end of the second renewal period in 1974, the petitioner, the owner of the building, changed, through his agent, the commencement date of the lease term from May 1 to July 1, with the termination date then becoming June 30. The landlord maintained that proper notices had been forwarded to the tenant in letters dated December 15, 1977, and February 20, 1978, wherein both communiques recited the termination date as April 30, 1978. In addition, the landlord's agent placed notices to this effect in the tenant's mailbox and under the door to his apartment. The tenant asserts that he never received any of these notices and was only made aware of this situation on July 19, 1978, after the lease term had already ended. The tenant immediately attempted to seek a renewal of his lease by both regular and certified mail. The latter was returned by the post office as being unclaimed and the landlord denied receiving a copy of the former. In any event, the landlord's agent did admit receiving a notice for renewal on August 4. In order to resolve these issues, the CAB conducted a hearing on January 22, 1979. However, neither the landlord nor his attorney appeared. The CAB received a letter from the landlord's attorney two days later requesting an adjournment. A transcript of the hearing was forwarded to this attorney and over six months thereafter, when no response was forthcoming from the landlord, the CAB issued its order. In this order the board determined that the renewal term commenced on July 1; found that the landlord failed to comply with statutory notification requirements; established the appropriate rent to be charged and directed the landlord to offer the tenant a two-year renewal lease commencing July 1, 1978. Special Term annulled this determination, but specifically agreed with the board that the renewal term started on July 1. There should be a reversal of the order of the court at Special Term and the determination of the CAB reinstated. The issues in this controversy were clearly framed for resolution; the most prominent of which was the credibility of the parties. The administrative agency chose to credit the testimony of the tenant who had appeared at the scheduled hearing and

testified that he did not receive notification of the expiration of the lease term until after this fact. There was a rational basis for the board's determination that the owner failed to provide a timely notice and its direction to offer the tenant an appropriate renewal lease. Special Term, however, viewed the facts differently and provided a separate interpretation thereof. This, the court could not do. In effect, Special Term substituted its judgment for that of the board. Even though two divergent points of view are expressed, as long as the determination of the agency charged with monitoring a particular activity is supported by substantial evidence to support the conclusion reached, the court may not summarily discard that choice (*Matter of 330 Rest..Corp. v State Liq. Auth.*, 26 NY2d 375). Here the court impermissibly adopted its own view of the facts. Accordingly, the determination of the CAB should be reinstated. Concur — Murphy, P. J., Kupferman, Ross, Carro and Milonas, JJ.