■ In the Matter of CHARLES W. BEST et al., Doing Business as KEG AND CHEESE SHOPPE, Petitioners, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the State Liquor Authority, dated September 28, 1981 and made after a hearing, which canceled petitioners' off-premises beer license and imposed a bond forfeiture of $1,000. Petition granted, determination annulled, on the law, without costs or disbursements, and respondent is directed to reinstate petitioners' license and bond. Respondent's determination that petitioners were not operating a "grocery store" as defined by subdivision 13 of section 3 of the Alcoholic Beverage Control Law is not supported by substantial evidence. The record establishes that food sales were a substantial portion of petitioners' sales, and the selection may have been limited on the day of the inspection. On the record before this court, a follow-up visit was necessary to establish that petitioners' stock on the date of the inspection was typical (see *Matter of 54 Cafe & Rest. v O'Connell,* 274 App Div 428, affd 298 NY 883; see, also, *Matter of Norton v O'Connell,* 282 App Div 744, app dsmd 306 NY 843; *Matter of Radigan v O'Connell,* 280 App Div 92, 98, mod on other grounds 304 NY 396). Damiani, J. P., Brown and Niehoff, JJ., concur.

Lazer, J., dissents and votes to confirm the determination and dismiss the proceeding on the merits, with the following memorandum: The sole issue in this case is whether there was substantial evidence to support the State Liquor Authority's determination that the licensed premises had ceased to be operated as a bona fide grocery store (see Alcoholic Beverage Control Law, § 54; 9 NYCRR 53.1 [d]; *Matter of 330 Rest. Corp. v State Liq. Auth.,* 26 NY2d 375). A "grocery store" is defined as "any retail establishment where food-stuffs are regularly and customarily sold in a bona fide manner for the consumption off the premises" (Alcoholic Beverage Control Law, § 3, subd 13). During his investigation of petitioners' store, the authority's investigator discovered that

the store's inventory was confined to beer, soda, mixers, cheese, crackers, potato chips, pretzels, and other party goods. This investigator also found an absence of such items as milk, fruits, bread, vegetables, meats, canned goods or paper products, the broad line of food-stuffs that are normally associated with a grocery store (cf. *Matter of Hadley v State of New York Liq. Auth.,* 75 AD2d 1021). Although the statute does not specify the merchandise that must be found in a grocery store, respondent's interpretation of the statute must be respected since it is not irrational or unreasonable (see *Matter of Fineway Supermarkets v State Liq. Auth.,* 48 NY2d 464). In essence, petitioners were operating a beer and party goods store. On this record, then, I conclude that the determination was based on substantial evidence.