OPINION OF THE COURT
Irving Lang, J.
Having successfully attacked one of two predicate felony offender informations filed by the District Attorney, the defendant now attempts to invoke a “domino” theory to nullify the second felony which he asserts was unconstitutionally obtained as a result of his prior attorney’s negligence with respect to his handling of the first felony. (CPL 400.21.) The question to be decided is the standard that a court must use in assessing what would have been likely to occur many years previously if a significant error had not been made.
*857 THE FACTS
The defendant pleaded guilty before me to three counts of first degree robbery involving armed holdups at three Chinatown restaurants. At sentence the District Attorney filed predicate felony offender informations asserting that the defendant had two prior felony convictions for robbery in the third degree and attempted robbery in the third degree resulting from pleas of guilty and sentences on two Supreme Court informations on February 17, 1977. Upon reviewing the two key convictions, defense counsel discovered that as to one of the convictions, the defendant was under 16 years of age at the time the crime was committed. That conviction is concededly void. Counsel further argues that as a result of the ineffective assistance of the former attorney, the second conviction was unconstitutionally obtained since “it is impossible for me to know what the Court would have done if that incident were not before it * * * and which should not have even been known about’ (emphasis supplied). The thrust of defendant’s argument therefore is that he might have been given youthful offender treatment on the remaining felony and hence should not be considered for predicate felony purposes.
In order to analyze defendant’s claims it is necessary to reconstruct the events resulting in the prior felony conviction.
On December 23, 1976 the defendant was arrested for attempted robbery of a Chinese woman that day in lower Manhattan. Indicted for attempted robbery in the third degree (Indictment No. 5048/76), he pleaded guilty before Supreme Court Justice George Postee on January 6,1977, who ordered a presentence probation report by February 17, 1977. Defendant was represented by an experienced, able Legal Aid attorney. While in custody awaiting sentence the defendant was arrested and charged with robbery of a Chinese person on August 17, 1976 and on November 5, 1976. On February 17, 1977, the date of the original sentence, the defendant having waived indictment, the District Attorney filed two Superior Court informations, Nos. 0495/77 and 0496/77, charging the defendant with the August 17, 1976 and November 5, 1976 robberies. The *858 defendant, fully admitting his guilt before Justice Postel (no longer sitting), pleaded guilty to robbery in the third degree to cover Information No. 0495/77 and attempted robbery in the third degree to cover Information No. 0496/77. Judge Postel sentenced the defendant to five years on 0495/77 and four years in State prison on 0496/77 to run concurrently. In addition, on Indictment No. 5048/76 Judge Postel adjudicated the defendant a youthful offender and imposed a one-year sentence concurrent with the other terms.
Apparently no one noticed that the court did not have jurisdiction with respect to the August 17, 1976 robbery since the defendant did not become 16 until October 3, 1976.[1]
Before considering the main issue, it is appropriate to review other defense claims.
COLLATERAL CONTENTIONS
The defendant contends, inter alia, that the remaining felony is defective in that the court and counsel failed in their responsibilities by waiving a presentence report, and that defense did not seek youthful offender status nor did the court consider youthful offender status for the defendant although he was an eligible youth (People v Billups, 47 AD2d 869). These claims have no merit. It is perfectly clear that those three convictions were considered in their entirety by Judge Postel on February 17,1977. He had a probation report with respect to the first conviction. The only items missing in the report were the two new robbery cases which were initiated while the defendant was in custody awaiting sentence on his first guilty plea. That the court was aware of the defendant’s status is obvious from the fact that the defendant was afforded youthful offender treatment on that indictment. Implicit in that determination was Judge Postel’s denial of youthful offender treatment for the other two robberies (see People v Greene, 54 AD2d 621; People v Barlette, 83 AD2d 695).
Furthermore it is apparent that the waivers of indictment, pleas, and sentences were part of a plea-bargained situation worked out in advance by the court, prosecution, *859 and defense counsel wherein the defendant received a much lower sentence than he was exposed to on the original charges. This court should not use hindsight to second-guess the original sound strategy of counsel simply because the defendant has subsequently committed additional crimes (see People v Aiken, 45 NY2d 394; People v Connerton, 67 AD2d 1028; cf. People v McGowen, 42 NY2d 905, mot for rearg or reconsideration den 42 NY2d 1015).
Nor is there any merit to the defendant’s claim that the robbery committed before he was 16 “should not have even been known about by Judge Postel.”
There is no justification in law or logic that a defendant’s juvenile record should not be known to a court sentencing him either as an adult or a youthful offender. A juvenile record or lack thereof is important information for a sentencing court. Indeed, the probation report on the defendant’s first plea makes reference to the defendant’s arrests as a juvenile. Such information is often a key factor in a Judge’s determination whether or not to adjudicate the defendant as a youthful offender. It undoubtedly played a role in Judge Postel’s ruling although he had the power to declare the defendant a youthful offender on all three cases. (People v Cecil Z., 57 NY2d 899.)
It is also clear that a predicate felony information can be set aside only when a Federal constitutional violation is involved, as opposed to a statutory defect. No constitutional infirmity is raised by the above claims (see People v De Shields, 115 Misc 2d 1038).[2] Lack of effective assistance of counsel, however, is a cognizable claim under the Federal Constitution.
EFFECTIVENESS OF COUNSEL
The sole substantive issue remaining is whether the failure of original counsel to discover the jurisdictional defect with respect to the age of the defendant constitutes such ineffective assistance as to taint the remaining felony conviction.
Original counsel was grossly negligent in not spotting the jurisdictional defect. Whether pejorative phrases such *860 as “ ‘a farce and a mockery’ ” (People v Tomaselli, 7 NY2d 350, 354) or “ ‘reasonable competence’ ” (People v Baldi, 54 NY2d 137, 146) set the standard, it is clear that counsel was manifestly derelict with respect to Superior Court Information No. 0495/77. As indicated, counsel is able, experienced and devoted. Nonetheless this case demonstrates that even the best of attorneys can commit oversights which deprive defendants of effective assistance of counsel.
A defendant has a constitutional right to be sentenced on accurate information. (People v Wright, 104 Misc 2d 911.) He asserts that his attorney’s error abridged him of that right.
The question remains, however, as to whether the error with respect to the first felony so taints the second that the latter cannot be utilized for predicate felony offender purposes. Defendant’s current attorney does not claim that the plea on the remaining felony was improvidently entered. Rather, he implies that without the illegal plea the defendant might have been afforded youthful offender treatment on that case and therefore would not be a predicate felony offender.
What then, should be the standard in making that determination?
In adopting a standard it should be apparent that the court must consider only what was known to the original sentencing court. With this in mind, two sound standards emerge.
First, if there is a reasonable possibility that the defendant would have been afforded youthful offender treatment at the time of the original sentence, then the predicate felony offender information should be nullified as unconstitutionally obtained. The second standard would substitute reasonable probability for possibility.
Since this reconstruction activity is difficult at best, and since sentence practices vary, even among reasonable Judges, fairness would require that the reasonable possibility standard be adopted.
Applying this standard to the instant case, it should be noted that the defendant was originally charged with three *861 separate robberies. Although one of those was committed when the defendant was under 16, the fact of that robbery is appropriately considered by a sentencing court. The probation report revealed that the defendant had three juvenile arrests, two of a minor nature and one involving a charge of robbery.
The Family Court robbery charge was resolved by dismissal and a referral of the defendant to a program called “Alternative To Detention”. The robberies before Judge Postel took place while the defendant was in that program. The Probation Department, unaware of the two charges in the Superior Court informations, recommended incarceration.
The defendant’s attorney, hoping to convince Judge Postee to place the defendant on probation, contacted a rehabilitation program (OAR), which indicated a willingness to work with him.
In my opinion, in view of the serious nature of the charges, there was no reasonable possibility that the defendant would have been placed on probation on the two felony pleas. Yet the defendant could have been incarcerated for up to four years even if he was adjudicated a youthful offender, on both pleas.
While some Judges would have denied youthful offender treatment, others, considering the defendant’s youth, might have granted youthful offender status on both cases in the hope that such a ruling combined with a substantial State prison term might serve both the ends of just punishment and rehabilitation.
I hold, therefore, that there is a reasonable possibility that the defendant would have been afforded youthful offender treatment but for the error of counsel and that the conviction under Superior Court Information No. 0496/77 cannot be used for predicate felony offender purposes.

. Defendant’s collateral motion pursuant to CPL 440.10 and 440.20 to dismiss Superior Court Information No. 0495/77 is granted.

. Of- course, the statutory defect might be so egregious as to create a Federal constitutional claim under the equal protection clause.