59 N.Y.2d 906 (1983)
In the Matter of Charles W. Best et al., Doing Business as Keg and Cheese Shoppe, Respondents,
v.
New York State Liquor Authority, Appellant.
Court of Appeals of the State of New York.
Argued April 29, 1983.
Decided June 16, 1983.
Stephen D. Kalinsky and Stanley Stein for appellant.
Charles J. Carreras for respondents.
Concur: Chief Judge COOKE and Judges JASEN, JONES, MEYER and SIMONS. Judge WACHTLER dissents and votes to affirm in an opinion.
Judgment reversed, with costs, and the determination of the State Liquor Authority reinstated for the reasons stated in the dissenting memorandum of Justice LEON D. LAZER at the Appellate Division (89 AD2d 893-894).
WACHTLER, J. (dissenting).
If this case represents the bureaucratic enterprise of the State Liquor Authority, Alice would feel very much at home with that agency.
In 1978 Charles and Roger Best opened a grocery store, with a license to sell beer for off-premises consumption in Howard Beach, Queens, New York. Their application for the off-premises license stated that they would operate a "full service delicatessen".
All went well until November of 1980 when two State Liquor Authority inspectors paid an unexpected visit and noticed that the stock of the store consisted mainly of beer, *908 soda, pretzels, potato chips, juices, cheeses and crackers. There were no dairy products and "only one canned ham".
Roger Best told the inspectors that he had discontinued some of the food products because they did not sell. When he was told that he was in violation of the law and that his store had ceased to be a "grocery store" as defined by the rules of the State Liquor Authority, Best agreed to take the necessary steps to correct the situation.
After the inspectors' visit, Best removed a large display of beer, added shelving for food goods, brought in a new line of canned goods, soups and juices and purchased a $3,000 refrigerator in order to offer additional cheeses and other foods. He expressed his willingness to stock whatever the State Liquor Authority required.
But that was not good enough. The State Liquor Authority voted unanimously to sustain the charge that the "premises had ceased to be operated as a bona fide premises within the contemplation of the license issued for such premises" and not only imposed a bond forfeiture of $1,000 but also canceled the off-premises license.
The Appellate Division reversed the State Liquor Authority's determination holding that the "[food] selection may have been limited on the day of inspection * * * a follow-up visit was necessary to establish that [the] stock on the date of the inspection was typical." I believe the Appellate Division's determination was correct. Conversely, I think the determination of the State Liquor Authority was unwarranted, unjust and not supported by substantial evidence.
Subdivision 4 of section 54 of the Alcoholic Beverage Control Law states that no license to sell beer for consumption off premises may be issued to any person for premises other than a "grocery store". Subdivision 13 of section 3 defines "grocery store" to mean "any retail establishment where food-stuffs are regularly and customarily sold in a bona fide manner for the consumption off the premises".
Absent from the Alcoholic Beverage Control Law or the rules and regulations of the State Liquor Authority are any guidelines as to what constitutes "food-stuffs" or the type, quantity or percentage of foodstuffs required.
*909 Despite this and despite the fact that no warning or any prior notification of the possibility of the alleged violation was given, the State Liquor Authority held that "grocery" means like in Alice's wonderland, what it chooses "it to mean  neither more nor less". And without a second or subsequent inspection, or an acknowledgement of the immediate action which the licensee was willing to undertake in this unclear situation, the harshest of penalties was exacted by the authority.
Although the State Liquor Authority is bound to enforce the law that is not an end in itself. Its broader purpose is to see that the law is respected, not because it is harsh or tyrannical, but because it is fair and just.
The order of the Appellate Division should be affirmed.
Judgment reversed, etc.