■ In the Matter of 27 TAVERN, INC., Respondent, v STATE LIQUOR AUTHORITY et al., Appellants.—Judgment, Supreme Court, Bronx County (Anita Florio, J.), entered December 3, 1986, striking and modifying the penalty imposed upon petitioner by respondent to the extent of imposing a 30-day suspension, rather than revocation, of petitioner's license, unanimously modified, on the law and the facts, to vacate the penalty as modified by the court and to grant the petition only to the extent of remanding the matter to respondent for reconsideration of the penalty, which is not to exceed a 60-day suspension of petitioner's license, and, except as thus modified, affirmed, without costs or disbursements.

As reflected by the transcript of the disciplinary hearing, the charge that petitioner suffered or permitted gambling on the licensed premises in violation of the Alcoholic Beverage Control Law was well documented. Only the penalty imposed is at issue. We agree with the court of first instance that the sanction, i.e., cancellation of petitioner's license, in addition to a $1,000 bond forfeiture, is so excessive and so disproportionate to the offense as to be shocking to one's sense of fairness. (See, Matter of Pell v Board of Educ., 34 NY2d 222, 233.) This was petitioner's first and only offense in an otherwise unblemished 14-year record. The offending video game machine was removed and the numbers pool, which was primarily intended to, and did, in fact, raise money for charity, discontinued upon notice of the charges. At the time, more than $6,700 had been donated to two charitable organizations. A like amount had been divided among the participants, whose number was limited to 100. Cancellation would entail the forfeiture of the refund value of the balance of petitioner's three-year, $5,000 license fee; result in the loss of livelihood for petitioner's principal and its two bartenders, who have been in its employ for approximately 7 and 6 years, respectively; and subject petitioner to a potential liability of at least $650 per month until April 1989 on a lease that will be rendered virtually worthless. In such circumstances, and taking into account the nature of the violation involved, cancellation would be draconian. Suspension and bond forfeiture is the more appropriate measure of penalty. The extent of such suspension, however,

is a matter which, in the first instance, is best left to the discretion of the agency, not the court, and we remand for reconsideration of the appropriate penalty, which should not, in our view, exceed a 60-day suspension. *(See, Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874, 876.) Concur —Sullivan, J. P., Asch, Rosenberger, Wallach and Smith, JJ.