■ In the Matter of DESIDERIO'S PARKLANE PIZZERIA, INC., Respondent, v THOMAS A. DUFFY, as Chairman of the Liquor Authority of the State of New York, et al., Appellants.—Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Petitioner was served with a notice of pleading and an amended notice of pleading pursuant to Alcoholic Beverage Control Law § 118 in connection with proceedings to revoke its liquor license. Petitioner was charged with violations of Alcoholic Beverage Control Law § 106 (6) and Rules of the State Liquor Authority (9 NYCRR) § 53.1 (n), (q) by allowing the premises to become disorderly and a focal point of police attention and by permit-

ting its employees to engage in improper conduct. Prior to the scheduled hearing petitioner entered a "no contest" plea to the above charges. Respondent suspended petitioner's liquor license for a total of 30 days and imposed a $1,000 bond claim. Petitioner thereafter sought to withdraw its no contest plea, but respondent denied said request. Petitioner then commenced this article 78 proceeding seeking to review respondent's determination suspending its license. Special Term granted the petition, ordered petitioner's "no contest" plea withdrawn and remitted the charges to the State Liquor Authority for a de novo hearing. We reverse.

Special Term had no authority to review respondent's determination sustaining the charges against petitioner. By entering its "no contest" plea, petitioner waived its right to a review of the facts upon which the punishment was imposed *(Matter of Colony Liq. Distribs. v State Liq. Auth.,* 46 AD2d 703; *Matter of Nicotare Rest. v State Liq. Auth.,* 33 AD2d 859; *Matter of Victorian House v New York State Liq. Auth.,* 24 AD2d 484; *cf., People v Daiboch,* 265 NY 125, 128-129). Where the charges are confirmed and the punishment has been imposed, the only inquiry for the court is whether the punishment is " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness.' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *see also, Matter of 17 Cameron St. Rest. Corp. v New York State Liq. Auth.,* 48 NY2d 509, 512.) We cannot say, as a matter of law, that the penalty imposed was excessive. Those who engage in the sale of intoxicants do so with the knowledge that their business conduct will be subject to scrutiny and that a violation of the law will subject them to a penalty which is commensurate with the nature of the offense *(Matter of 17 Cameron St. Rest. Corp. v New York State Liq. Auth.,* 48 NY2d 509, 512, *supra).* (Appeal from judgment of Supreme Court, Erie County, Wolf, J.—art 78.) Present—Callahan, J. P., Denman, Boomer, Balio and Davis, JJ.