■ In the Matter of ABDO MOHSIN et al., Doing Business as A & A GROCERY, Respondents, v STATE LIQUOR AUTHORITY, Appellant.—Judgment, Supreme Court, New York County (Martin Stecher, J.), entered June 7, 1989, which annulled the penalty imposed by the State Liquor Authority revoking petitioner's grocery beer license and imposing a $1,000 bond

forfeiture, and substituted therefor a penalty of six months' suspension and a $1,000 bond forfeiture effective from April 25, 1989, unanimously reversed, on the law, the determination of the State Liquor Authority reinstated and the petition dismissed, without costs.

The State Liquor Authority visited petitioners' store on two separate occasions but found no food products, as defined by Alcoholic Beverage Control Law § 3 (13), in their store. The investigation further revealed that petitioners submitted a false statement by putting up a temporary sign that read A & A Grocery while the permanent exterior sign and canopy bore a nonapproved trade name of Olympic Smoke Shop. As a result of the investigation, the State Liquor Authority brought charges against petitioners, to which they pleaded no contest with an explanation.

Petitioners contended that the absence of food products occurred because two of the store's partners were on vacation. They did not, however, proffer any reason for the alleged false sign. The State Liquor Authority revoked petitioners' grocery beer license and imposed a $1,000 bond forfeiture.

The sole issue raised on appeal is whether the penalty imposed by respondent was so shockingly disproportionate to the offense as to amount to an abuse of discretion as a matter of law *(Matter of Pell v Board of Educ.,* 34 NY2d 222). The record demonstrates that petitioners did not have food products in their store on two occasions. Accordingly, they were in violation of Alcoholic Beverage Control Law § 3 (13). *(Matter of Best v New York State Liq. Auth.,* 59 NY2d 906.) Moreover, by entering their plea of no contest, petitioners waived their right to review the facts upon which the punishment was imposed. *(Matter of Victorian House v New York State Liq. Auth.,* 24 AD2d 484.) Accordingly, it was improper for the court to vacate the penalty imposed by respondent and to substitute one less severe. *(Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874, 876.) Concur—Ross, J. P., Milonas, Rosenberger, Kassal and Rubin, JJ.