■ In the Matter of MICHAEL B. MAHR et al., Doing Business as MAHR'S PLACE, Petitioners, v THOMAS A. DUFFY, JR., as Chairman of the New York State Liquor Authority, Respondent.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Rensselaer County) to review a determination of the State Liquor Authority which revoked petitioners' on-premises liquor license.

On February 2, 1990 the State Liquor Authority instituted a proceeding to revoke petitioners' liquor license because of improper conduct stemming from the fact that six months earlier petitioner Michael B. Mahr (hereinafter petitioner) had been convicted of promoting gambling (see, Penal Law § 225.05) on the licensed premises. Petitioner entered a "no contest" plea to the charge and submitted mitigating material. Based on the information submitted, the Administrative Law Judge sustained the charge and indicated in his memorandum to the Authority that the "GOOD RECORD POLICY APPLIES". Thereafter the Authority adopted the Administrative Law Judge's findings, noted petitioner's good record, revoked petitioners' license and imposed a $1,000 bond claim. In assessing the penalty to be imposed against petitioner, the Authority considered a number of anonymous calls alleging that gambling was occurring on the premises, as well as petitioner's arrest for gambling in 1984, which charge was eventually dismissed. Petitioners commenced this CPLR article 78 proceeding to have the Authority's determination annulled, vacated or modified.

The petition challenges the penalty imposed on two grounds: first, that it is so disproportionate to the offense, in light of all the circumstances, as to shock one's sense of fairness, and second, that it so greatly exceeds that usually imposed for gambling violations (see, e.g., Matter of Sheraton-Binghamton Corp. v New York State Liq. Auth., 40 AD2d 1048 [imposing a 10-day suspension and $500 bond claim]) that it is arbitrary and capricious. We agree.

In spite of the Authority's maximum penalty suggestions that for first and second time gambling violations the penalty be license suspension plus a bond claim (see the Authority's Information Concerning Disciplinary Proceedings, specifically, the section entitled "Routine Suspension Referrals"), the Authority revoked petitioners' license after only one confirmed

violation. Revocation here would entail the loss of petitioners' livelihood. Given this circumstance, coupled with petitioner's well-regarded stature in his community, distinguished military record and that this is his first confirmed offense since acquiring his license in 1982, we believe that revocation of the license, in addition to the $1,000 bond forfeiture, is so excessive and disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Faulkner v New York State Liq. Auth.,* 30 NY2d 728; *Matter of 27 Tavern v State Liq. Auth.,* 133 AD2d 567).

Additionally, petitioners correctly observe that the penalty imposed, if not modified, will be far more severe than that commonly accepted by the courts in other gambling cases *(see, e.g., Matter of Cos Dei San v New York State Liq. Auth.,* 147 AD2d 370, *lv denied* 74 NY2d 611 [30-day suspension and $1,000 bond claim vacated]; *Matter of 27 Tavern v State Liq. Auth., supra* [cancellation and $1,000 bond claim modified as excessive]; *Matter of Flook v State Liq. Auth.,* 55 AD2d 1048 [10-day suspension and $500 bond forfeiture modified as excessive]; *Matter of Cannon v State Liq. Auth.,* 37 AD2d 800 [license cancellation modified to a six-month suspension]; *Frascelli v Hostetter,* 32 AD2d 833 [10-day suspension and $1,000 bond forfeiture modified as excessive]; *cf., Matter of Tego's Tavern v New York State Liq. Auth.,* 158 AD2d 900 [25-day suspension and $1,000 bond forfeiture confirmed]; *Matter of Show Boat v State Liq. Auth.,* 33 AD2d 954, 955, *affd* 27 NY2d 676 [cancellation for trafficking in narcotics and drugs on the licensed premises modified to three-month suspension]).

As the length of the suspension, which would be more appropriate to the circumstances of this case, and amount of the bond forfeiture are best left to the discretion of the agency, we remit for reconsideration of a more appropriate penalty.

Determination modified, without costs, by annulling the penalty imposed; matter remitted to the State Liquor Authority for further proceedings not inconsistent with this court's decision; and, as so modified, confirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Crew III and Harvey, JJ., concur.