■ In the Matter of GEORGIAN MOTEL CORPORATION, Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.— Crew III, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered December 6, 1991 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent revoking petitioner's liquor license, and imposed a penalty of suspension.

Petitioner is a domestic corporation that employs 70 full-time and 170 seasonal employees and operates a resort motel in the Village of Lake George, Warren County, offering various services. In December 1977, petitioner received a restaurant liquor license from respondent. At that time petitioner

---

was owned by Orval Penrose and Amir Khimani, who each held 50% of the corporate stock. In March 1990, respondent served petitioner with a notice of pleading and hearing containing a charge that petitioner had violated a regulation of respondent *(see,* 9 NYCRR 53.1 [n]) in that Penrose had pleaded guilty to criminal possession of a controlled substance in the fourth degree and conspiracy in the fourth degree. Petitioner pleaded not guilty to the charge.

Thereafter, respondent issued an amended notice of pleading and hearing against petitioner which contained four charges consisting of (1) Penrose's guilty pleas to two felonies, criminal possession of a controlled substance in the fourth degree and conspiracy in the fourth degree, (2) petitioner's alteration of its premises without permission in February 1990, and (3) and (4) petitioner's suppression of facts in its 1986-1989 and 1989-1992 renewal applications.* Petitioner entered a no contest plea to all four charges and offered evidence in mitigation relating mainly to the adverse economic impact on the local economy in the event of revocation of petitioner's license. On August 5, 1991, respondent revoked petitioner's license and forfeited its $1,000 bond. One day later, petitioner commenced this CPLR article 78 proceeding contending that the penalty imposed by respondent was excessive. Supreme Court determined that the penalty of revocation was inappropriate based upon petitioner's unblemished record and the adverse economic impact on petitioner's employees. The court reduced the penalty to a six-month suspension of petitioner's license and imposed a $10,000 fine. This appeal by respondent ensued.

Initially, we note that contrary to petitioner's contention that it did not admit any intentional concealment of the financial transactions forming the basis for charge Nos. 3 and 4, petitioner's no contest plea was in effect an admission of the facts set forth in the amended notice of pleading resulting in a waiver of review of such facts *(see, Matter of Mohsin v State Liq. Auth.,* 162 AD2d 203; *Matter of Desiderio's Parklane Pizzeria v Duffy,* 143 AD2d 508; *Matter of Barotti v New York State Liq. Auth.,* 82 AD2d 1004).

---

* The facts alleged to have been suppressed are the transfer by Khimani of his shares of stock in January 1985 and the subsequent transfers by those transferees in September 1985, obtaining a mortgage for $1.75 million from Columbia Federal Savings and Loan Association in June 1984, obtaining a mortgage for $1.25 million from First Intercounty Bank of New York in November 1985, granting a mortgage for $5.2 million to Dominick Rabuffo and failing to report loans from various entities.

Petitioner also contends, *inter alia,* that the penalty must be annulled because it was based upon unreliable hearsay information received and credited by the Administrative Law Judge (hereinafter ALJ). We agree. Following petitioner's plea, the ALJ prepared a report of findings for respondent. That report was based, in part, upon information received from a State Police investigator (which revealed that his agency was possessed of intelligence data which indicated that Penrose associated with persons known or believed to be associated with organized crime groups) and upon various newspaper and magazine articles concerning certain named individuals and their relationships to the licensed premises, Penrose and organized crime. In his report of findings, the ALJ stated that "Penrose has serious charges pending beyond the personal conduct charge which directly effect *[sic]* the license corporation and it's *[sic]* patterned failure to inform [respondent] of financial indebtedness which apparently made [petitioner] a 'tied house' to the mob". The ALJ also noted that one of the banks from which petitioner had obtained a mortgage had on its board a person "whose connections to elements of organized crime and to Orval Penrose are well documented".

Evidence acceptable in considering an administrative penalty has been analogized to that acceptable on sentencing in a criminal case *(see, Matter of Diamond v Sobol,* 145 AD2d 786). While an administrative agency may consider hearsay information *(see, supra,* at 787; *cf., United States v Lee,* 818 F2d 1052, 1055, *cert denied* 484 US 956), the agency has an obligation to insure that the information relied upon is reliable and accurate *(cf., United States v Pugliese,* 805 F2d 1117, 1124; *People v Villanueva,* 144 AD2d 285, *lv denied* 73 NY2d 897; *People v Hurd,* 117 Misc 2d 856). In this case, the material relied upon by the ALJ is devoid of information suggesting any indicia of reliability *(see, Matter of McIntosh v Coughlin,* 155 AD2d 762; *cf., Matter of Fink v Cole,* 1 NY2d 48). While Robert Doyle, a commissioner for respondent, averred in an affidavit that "[Supreme] Court may be assured that [he] and the other Commissioners, as persons familiar with the rhetoric of both advocates and fact finders, are not unduly swayed by the hyperbole of either", respondent nevertheless adopted the factual findings of the ALJ and, despite Doyle's assertions to the contrary, we cannot say that those findings, based upon unreliable hearsay, did not play a part in the penalty assessed. Accordingly, we agree with Supreme Court that the penalty imposed must be annulled. The appro-

priate procedure, however, was not for Supreme Court to establish its own penalty, but to remit the matter to respondent for a redetermination of the penalty *(see, Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874; *Matter of 27 Tavern v State Liq. Auth.,* 133 AD2d 567).

Weiss, P. J., Yesawich Jr., Casey and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as imposed a penalty of suspension and fine; matter remitted to respondent for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.