■ In the Matter of NICHOLAS T., Appellant. ERIE COUNTY PROBATION DEPARTMENT, Respondent. [638 NYS2d 572] —Order unanimously affirmed without costs. Memorandum: Family Court's determination placing respondent in the custody of the Commissioner of Social Services for structured supervision in a residential facility is fully supported by the record (see, Matter of Hasan R., 177 AD2d 817, 818). The contention of respondent that the order of disposition does not comply with Family Court Act § 754 (2) is without merit. The reasons for the disposition are fully set forth in the order (cf., Matter of Tynisah S., 201 AD2d 958).

We call attention to the fact that the County Attorney failed to submit an answering brief. That failure hardly comports with his responsibilities in these matters. (Appeal from Order of Erie County Family Court, Mix, J.—Violation of Probation.) Present—Denman, P. J., Lawton, Doerr, Balio and Boehm, JJ.

■ In the Matter of WILLIAM A. KUFS, Respondent, v STATE OF NEW YORK LIQUOR AUTHORITY, Appellant. [637 NYS2d 846] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Supreme Court erred in granting the petition to set aside the order of cancellation issued by respondent. The court "had no authority to review respondent's determination sustaining the charges against petitioner. By entering [his] 'no contest' plea, petitioner waived [his] right to a review of the facts upon which the punishment was imposed" (Matter of Desiderio's Parklane Pizzeria v Duffy, 143 AD2d 508, 509; see, Matter of Colony Liq. Distribs. v State Liq. Auth., 46 AD2d 703, appeal dismissed 36 NY2d 755, rearg denied 37 NY2d 741). Petitioner's no contest plea "amounted to a waiver of a hearing and an admission of the facts as charged" (Matter of Barotti v New York State Liq. Auth., 82 AD2d 1004, 1005). We reject the contention that the penalty of cancellation of petitioner's license is so disproportionate to the offense as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233). Petitioner has a prior record of gambling and was aware that gambling on the premises was a ground for revocation or cancellation of his license (see, 9 NYCRR 53.1 [m]). Additionally, respondent considered the mitigating circumstances and did not impose the maximum penalty. (Appeal from Judgment of Supreme Court, Cayuga County, Corning, J.—CPLR art 78.) Present—Denman, P. J., Lawton, Doerr, Balio and Boehm, JJ.