■ In the Matter of FERDINAND DeCAPRIO, JR., et al., Petitioners, v MICHAEL D. ZAGATA, as Commissioner of the New York State Department of Environmental Conservation, Respondent. [652 NYS2d 865] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia*, suspended and

revoked petitioners' respective business registrations and pesticide applicator certifications.

By its June 1994 amended complaint, the Department of Environmental Conservation (hereinafter DEC) sought, among other things, denial of the pending application of petitioner Nationwise Exterminating and Deodorizing, Inc. for renewal of its pesticide business registration, revocation of the pesticide business registration held by petitioner A-All Pest Control, Inc., and revocation of the pesticide applicator certifications held by petitioners Ferdinand DeCaprio, Jr., Charles Schneider and Andre Taylor. Following extensive hearings, an Administrative Law Judge (hereinafter ALJ) found, *inter alia*, that (1) Schneider and Nationwise, as his employer, violated ECL 33-0905 (1), ECL 33-1301 (8), 6 NYCRR 325.17 (a) and, as applied specifically to termiticide applications, 6 NYCRR 326.2 (d) (2), in that from June 21, 1990 to February 11, 1991 Schneider engaged in the commercial application of pesticides on two occasions despite the fact that his certification had expired (counts 3 and 6); (2) Nationwise used unregistered pesticides, submitted a late annual report in 1990 and failed to maintain records of certain information regarding pesticide applications (counts 4 and 5); (3) A-All violated ECL 33-1301 (8-a) by engaging in the application of pesticides during the period April 1, 1990 through June 20, 1990 while it was not registered as a pesticide business and, further, that Taylor and A-All, as his employer, violated ECL 33-0905 (1) and 33-1301 (8) because Taylor applied pesticides during the period April 21, 1991 through September 27, 1991 while he was neither certified nor working under the direct supervision of a certified applicator and also because Taylor engaged in pesticide applications in the food processing category while he was not certified for that category and was not under the direct supervision of an applicator certified in that category (count 7); (4) Nationwise engaged in fraudulent business practices by submitting to the City of Peekskill a pesticide business registration with a false expiration date and by submitting certified applicator documents with false numbers to the New York City Health and Hospitals Corporation (counts 8 and 11); and (5) DeCaprio's plea of guilty to a felony, evasion of personal Federal income taxes for the 1983 tax year, and the debarment of Nationwise and DeCaprio from the award, renewal or extension of Federal contracts were relevant to a determination as to the status of DeCaprio's applicator certification and Nationwise's business registration (counts 13 and 14).

Based upon her findings of violation, the ALJ recommended denial of Nationwise's application for a pesticide business

registration based upon its fraudulent practices, as well as its violation of the ECL for uncertified termiticide applications, its use of unregistered pesticides and the omission of two pesticides from an annual report. Denial was further justified on the basis of a pattern of noncompliance evidenced by findings of violation underlying a 1986 order on consent and a February 4, 1988 Commissioner's order. The ALJ recommended revocation of A-All's pesticide business registration based on the finding on count 7 of the complaint and, because of the close relationship between Nationwise and A-All, based on Nationwise's history of noncompliance. Finally, the ALJ recommended revocation of DeCaprio's pesticide applicator certification, suspension of Taylor's pesticide applicator certification and the imposition of civil penalties. Respondent adopted the ALJ's findings and recommendations and assessed civil penalties of $43,900 against Nationwise and A-All, $4,000 against Schneider and $8,000 against Taylor. Petitioners challenge respondent's January 1996 decision and order in this CPLR article 78 proceeding, initiated in Supreme Court and transferred to this Court pursuant to CPLR 7804 (g).

Initially, we reject the contention that there was not substantial evidence to support the finding that Schneider was uncertified between June 21, 1990 and February 11, 1991. Petitioners premise much of their argument on the inconsistency between ECL 33-0905 (3) (d), which provides that pesticide applicator certifications are valid for six years and certification identification cards are valid for three years, and the DEC regulations that were in effect during the relevant time period, which called for certification renewal every five years and annual renewal of certification identification cards. We agree with respondent that this conceded inconsistency had no bearing on the validity of respondent's determination. The evidence adduced at the hearing showed that, despite the fact that Schneider was issued an identification card that did not expire until June 1993, his actual certification expired in June 1990 and he was not recertified until February 1991.

In addition, the record does not support the contention that, when not properly certified, Schneider was acting under the authority of a certified applicator (see, ECL 33-1301 [8]). Rather, the evidence showed that on at least two occasions during the period of Schneider's noncertification, he referred to himself as the certified applicator. Petitioners are correct, however, in their contention that the hearing evidence does not support the finding that Taylor was not certified between April 21, 1991 and September 27, 1991, a fact currently conceded by respondent. Nonetheless, there is competent evidence supporting

the finding that Taylor unlawfully applied pesticides in restaurant kitchens prior to July 28, 1992, when he became certified in the food processing category.

We also agree with petitioners that respondent erred in concluding that A-All was operating without a valid business registration between April 1, 1990 and June 20, 1990. There appears to be no question that, approximately five weeks prior to the March 31, 1990 expiration of A-All's business registration certification in pesticides, it applied for a one-year renewal thereof and that during June 1990, DEC requested that A-All resubmit its application, apparently due to a missing signature. The certificate that was ultimately issued on June 20, 1990 had a March 31, 1991 expiration date. Although State Administrative Procedure Act § 401 (2) operates to prevent the expiration of an existing license pending action on a "timely and sufficient application for the renewal" thereof, it is respondent's position that A-All is not entitled to the statutory toll because its application was not "sufficient". It is undisputed, however, that the renewal application that was granted on June 20, 1990 was identical to the one that respondent contends was not sufficient. Under the circumstances, we find respondent's legal posture to be disingenuous and the finding based thereon irrational.

Next, we reject the contention that respondent erred in his conclusion that Nationwise used unregistered pesticides. In order to ensure its use of pesticides that are properly registered (see, ECL 33-1301 [1] [a]), Nationwise was required to file annual reports listing, among other things, the quantity of pesticides used in the prior year, reported for each product (by EPA registration number and not by product name) (see, 6 NYCRR 325.25 [b]). Nonetheless, Nationwise's reports for 1988 and 1989 listed pesticides it used by both product name and EPA number. In a number of cases testified to by respondent's expert witness, the product identified on Nationwise's report was not registered, was not registered for the relevant time period or was not registered by the product name and registration number set forth by Nationwise. In our view, that testimony provided substantial evidence for the finding of violation. Petitioners' contention that it was respondent's burden to establish the existence of the pesticides that Nationwise identified in its reports is simply specious.

Petitioners' remaining contentions do not warrant extended discussion. In view of the evidence of the intertwined affairs of A-All and Nationwise, with DeCaprio controlling both of them, respondent did not err in considering Nationwise's history of

noncompliance in deciding to revoke A-All's business registration (*see, Sweatland v Park Corp.*, 181 AD2d 243, 245-246). Further, the evidence was sufficient to establish Nationwise's commission of fraudulent business practices in the application of pesticides. Petitioners' remaining contentions have been considered and found to be unavailing.

As a final matter, our annulment of the findings that Taylor and A-All violated ECL 33-0905 (1) and 33-1301 (8) because Taylor applied pesticides during the period April 21, 1991 through September 27, 1991 without certification, and that A-All was operating without a valid business registration between April 1, 1990 and June 20, 1990, requires that the penalties imposed against each of those parties be reevaluated by respondent (*see, e.g., Matter of Hachamovitch v State Bd. for Professional Med. Conduct*, 206 AD2d 637, 639, *lv denied* 84 NY2d 809; *Matter of Georgian Motel Corp. v New York State Liq. Auth.*, 184 AD2d 853, 855-856).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is modified, on the law, without costs, by annulling so much thereof as found that petitioner Andre Taylor was not certified between April 21, 1991 and September 27, 1991 and that petitioner A-All Pest Control, Inc. was operating without a valid business registration between April 1, 1990 and June 20, 1990; petition granted to that extent and matter remitted to respondent for a redetermination of the penalty imposed; and, as so modified, confirmed.