■ In the Matter of LILY'S FOOD CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [703 NYS2d 39] —Determination of respondent New York State Liquor Authority dated on or about March 5, 1999, revoking petitioner's license and forfeiting its license bond in the sum of $1,000, unanimously confirmed, the petition denied and the proceeding, brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [William Wetzel, J.], entered May 5, 1999) dismissed, without costs.

Respondent authority's finding that petitioner had ceased to operate its premises within the contemplation of its off-premises beer license was supported by substantial evidence, including testimony as to the quantity of beer on display in the store, and invoices of a wholesale beer distributor reflecting

delivery of 243 cases of beer to petitioner in a one-month period, the value of which, at 50 cents a beer, exceeded 25 percent of the value of the total store inventory, the ceiling placed by respondent upon petitioner's beer inventory as a condition of issuing petitioner's off-premises beer license (*see, Matter of Stork Rest. v Boland*, 282 NY 256). Respondent, in promulgating the inventory requirement, did not exceed its powers since such requirement was neither irrational nor unreasonable (*see, Matter of Best v New York State Liq. Auth.*, 59 NY2d 906, *revg* 89 AD2d 893 *for reasons stated in dissenting mem of Lazer, J.*, at 893-894). Finally, the penalty imposed was not so disproportionate to the offense committed as to be " ' "shocking to one's sense of fairness" ' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Wallach and Rubin, JJ.